## AURA L. MEREDITH et al., Appellants, v. MINNIE E. MEREDITH.

Division Two, April 7, 1921.

1. **CONVEYANCE: Deposit of Deed With Bank: Agent or Trustee.** The physical delivery of a deed to a bank, accompanied by written instructions that it was to be delivered to the grantee upon the grantor's death, and the grantor's contemporaneous and subsequent declarations to the effect that he had deeded everything he had to the grantee and wanted her to have it at his death, created no relation of agency between the bank and the grantor, but the deposit being unconditional the bank, in accepting it, became a trustee of an express trust and as such charged with the performance of the duties defined for the grantor and the grantee.

2. ———: ———: **Delivery Upon Grantor's Death.** A delivery of a deed by the grantor to a third party to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery, where no reservation is made in the deed nor any right of control over the instrument is retained by the grantor.

3. ———: ———: ———: **Retaining Possession of Land.** A deed, unconditional in its terms and beyond the control of the grantor after its delivery to a depositary with specific directions to deliver it to the grantee upon his death, although not conferring an immediate right of present possession, constitutes such an investiture of title as to give the grantee a present fixed right of future enjoyment, although the use of the land is retained by the grantor during his life.

4. ———: ———: ———: **Acceptance.** Acceptance of a deed after the grantor's death dates back to the time of its delivery to the depositary, and renders it a transfer of the title as of that date.

5. ———: ———: **Evidence of Agency.** The cashier having defined his relation to the grantor, showing that it was in no wise different from that sustained by him to other patrons of the bank, it was not error to exclude testimony tending to show that the cashier was the agent of the grantor throughout the transaction by which the grantor delivered to him a deed to be delivered to the grantee upon the grantor's death

6. **INSTRUCTIONS.** Declarations of law based upon false assumptions of fact do not correctly declare the law, and should be refused.

Appeal from Knox Circuit Court.—*Hon. James A. Cooley,* Judge.

AFFIRMED.

*J. C. Dorian* and *Higbee & Mills* for appellants.

(1) The court erred in refusing the offer to prove by Anderson that he held the deed and notes as agent for the grantor. (2) The court erred in refusing plaintiff's declaration of law. The deed was incorporated in the memorandum, and was testamentary. Shulsky v. Shulsky, 98 Kan. 69; Goodale v. Evans, 263 Mo. 219; Bryan's Appeal, 68 L. R. A. 354, note. (3) The court erred in refusing plaintiff's declaration of law No. 2. This is an action at law. Hayes v. McLaughlin, 217 S. W. 262; Van Valkenburg v. Allen, 126 N. W. 1092; Williams v. Latham, 113 Mo. 165; Gomel v. McDaniels, 269 Ill. 362; Linn v. Linn, 261 Ill. 606; Hayden v. Collins, 81 Pac. (Cal.) 1120; Anderson v. Messenger, 158 Fed. 250, 85 C. C. A. 468. (4) The burden was on defendant to prove that the grantor delivered the deed irrevocably and beyond his control. This she did not do. The circumstance in evidence show that Meredith retained control of the deed. The court erred in not rendering judgment for the appellants. See cases cited under Point 3. (5) The deed was delivered by the grantor to Anderson, his agent, in trust and for safe keeping for him, and not to a third party. It was under his control, and not in escrow for the respondent. The court erred in not finding for the appellants. Zimmerman v. Zimmerman, 161 N. W. (Wis.) 369; Schooler v. Schooler, 258 Mo. 83; Sneathen v. Sneathen, 104 Mo. 201; Whitely v. Babcock, 202 S. W. 1091; Cole v. Cole, 108 N. W. (Mich.) 101; Grilley v. Grilley, 18 Conn. 380, 4 L. R. A. (N. S.) 816; Terry v. Glover, 235 Mo. 544.

*Arthur V. Lashly* and *Stewart & Stewart* for respondent.

(1) The delivery of the deed to Anderson, cashier of the Home Bank, by Meredith was a valid delivery for

the benefit of the wife, and the delivery by it to her and her acceptance thereof, after the death of the grantor, relates back to the time when the deed was first delivered to the bank and makes it a transfer as of that date. Sneathen v. Sneathen, 104 Mo. 209; Williams v. Latham, 113 Mo. 165; Burkey v. Burkey, 175 S. W. 624. (2) The grantor made no reservation of control over the deed when he delivered it to the bank for Minnie E. Meredith and therefore the delivery was absolute and could not be recalled. Williams v. Latham, 113 Mo. 174; Sneathen v. Sneathen, 104 Mo. 209; 18 C. J. par. 113, p. 208; Seibel v. Higham, 216 Mo. 132; 2 Jones on Real Property (1896 Ed.), p. 220, par. 1309. (3) Much more is presumed in favor of the delivery of the deed in cases of voluntary settlement upon members of the grantor's family, than is presumed between strangers. Crowder v. Searcy, 103 Mo. 118; Rumsey v. Otis, 133 Mo. 95; Schooler v. Schooler, 258 Mo. 92. (4) In an action at law, if there were any legal grounds supported by substantial evidence, which justifies the court's findings, the judgment must be affirmed. Thompson v. Stillwell, 253 Mo. 94. (5) The court was not in error in refusing to permit the witness Anderson to testify that he held the deed as agent for the grantor.

WALKER, J.—This is a suit brought under Section 2535, Revised Statutes, 1909 (now Sec. 1970, R. S. 1919), to try and determine the title to certain land in Knox County. On a trial to the court there was a judgment for the defendant, from which plaintiffs have appealed.

William T. Meredith, the common source of title, died intestate, without issue, May 29, 1917. The plaintiffs are his only heirs, and the defendant is his widow. On March 15, 1916, he executed and delivered to the cashier of a bank at Knox City a warrant deed conveying to his wife, the defendant, for a valuable consideration, the land in controversy. At the time of the execution of this deed the grantor gave certain instructions to the cashier as to its disposition. These instructions were at

the time reduced to writing by the cashier, and upon being approved and signed by the grantor were enclosed in a sealed envelope with the deed and, as directed, deposited in the vault of the bank. These instructions are as follows:

"Knox City, Mo., March 15, 1916.
"To Home Bank, Knox City, Mo.

"You are hereby handed a warranty deed to the north one-half of the northwest quarter and the northwest fourth of the northeast quarter of Section 32, Township 62, Range 10, west, made to my wife, Minnie E. Meredith, to be held in trust and for safe keeping, until my death, then said bank is to deliver said deed with all other personal property belonging to her (Minnie E. Meredith) that is in said bank at my death.

"WM. T. MEREDITH."

The grantor never had the deed in his possession or attempted to secure possession of it or made any inquiries concerning it after he delivered it to the cashier. On the day succeeding the grantor's death, the cashier delivered the deed to the defendant, pursuant to the instructions of the grantor. Subsequent declarations by the grantor to others several months after the execution and deposit of the deed were to the effect that he had deeded everything he had to his wife and at his death he wanted her to have it.

Testimony on the part of plaintiffs was to the effect that after the making of the deed the grantor continued until the time of his death to lease, cultivate and otherwise control the land conveyed. The relation sustained to the grantor by the cashier before, at the time of and subsequent to the execution of the deed is thus described by the latter: "He was a customer at the Home Bank and I carried out requests he made from time to time. Whatever he wanted me to do I would do like I did for any other customer." It was attempted to be proved on a cross-examination of the cashier by plaintiff's counsel, but excluded, that the cashier was the agent of the grantor in all of the business transacted for the grantor

by him. In addition, the cashier testified that if the grantor had, subsequent to the execution of the deed, asked to withdraw it, he thought he would have permitted him to do so. Testimony was also offered, but excluded, to show by the cashier that in all these transactions he was acting as the adviser and business friend of the grantor, and that he knew nothing of and had no business relations with the grantee and that in the matter of the deed he was acting as agent and solely for the grantor.

I. The intention of the grantor in executing the deed to his wife and depositing the same in the bank for delivery to her upon his death is to be determined from not only his acts and declarations but as in any other case in which it is sought to define a purpose from all of the other relevant facts and circumstances. The physical delivery of the deed to the bank and the grantor's contemporaneous and subsequent declarations in regard thereto, as well as his express written directions prepared at his instance and deposited with the deed, offer cogent evidence of such a delivery as the law contemplates in effecting a conveyance of real estate. It is true the cashier occupied a relation to the grantor somewhat in the nature of an intermediary, but in the light of his testimony and other pertinent facts, it does not appear that he was other than an instrumentality acting for the grantor to effect the transfer and to authorize the bank to accept and hold the deed until the grantor's death, whereupon the legal delivery of the deed, if then consummated, would become actual by its physical transfer to the grantee. While the oral declarations and physical acts of the grantor are, in our opinion, ample to prove the grantor's intention to deliver the deed, his written declarations add to their probative force, and at the same time, by the very terms of the directions, define the relation of the bank to the relator and dissipate the assumption sought to be established as a fact that it was the grantor's purpose in the making and depositing of the deed to create a trust in

*Grantor's Purpose.*

his own property for his own benefit. The directions declare that the deed is to be held in trust by the bank for safe keeping until his death. If the directions ended here they would disclose no well-defined purpose on the part of the grantor, but they do not end here. Explicitly definitive of the grantor's purpose immediately succeeding the direction as to the deposit, is the following: "Then the bank is to deliver said deed with all other personal property belonging to her (Minnie E. Meredith) that is in said bank at my death." The grantor owned the fee in the land. It was shadowed by no lien and burdened by no incumbrance. This condition of the title discloses no reason in harmony with human experience for the creation of a relation of agency between the bank and the grantor or, incidentally, between him and the cashier for other than the purpose declared in the written directions. The deposit of the deed having been made unconditionally, the bank in accepting the same became not an agent but a trustee of an express trust and as such charged with the performance of the duties defined for the grantor as well as the grantee. [Seibel v. Higham, 216 Mo. 121.]

II. The relations of the parties and the intention of the grantor to deliver the deed having been defined, it remains to be determined whether his acts constitute a delivery. While it is necessary to the conveyance of Delivery. land by deed that the grantor delivered the same to the grantee with the intent to pass the title, it is not necessary that the actual transfer of the instrument be made by one of these parties to the other. A delivery to a third party to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery when there is no reservation in the deed nor any right of control over the instrument retained by the grantor. The deed, by his own act, having passed beyond his control, accompanied by the declaration that it was delivered for the use and benefit of the grantee, has the same effect in the hands of the custodian as if it had been manually delivered by the grantor to

the grantee. [Schooler v. Schooler, 258 Mo. 83; Terry v. Glover, 235 Mo. 544; Seibel v. Higham, supra; White v. Pollock, 117 Mo. 467; 18 C. J. p. 208, sec. 114; 2 Jones, Real Prop. (1896) p. 220; Cannon v. Cannon, 26 N. J. Eq. 316.]

The deed at bar, unconditional in its terms and beyond the control of the grantor upon its delivery to the bank, although not conferring an immediate right of

Present Possession.

present possession, constituted such an investiture of title as to give the grantee a present fixed right of future enjoyment although the use of the premises was retained by the grantor during his life. [O'Day v. Meadows, 194 Mo. 588; Headington v. Woodward, 214 S. W. 963.]

The manual delivery of the deed to the grantee by the depositary upon the death of the grantor and its acceptance by the grantee, leaves no room for controversy concerning this fact. The time of the acceptance

Acceptance.

will not affect the validity of the transfer. Burkey v. Burkey, 175 S. W. l. c. 624.] Acceptance after the death of the grantor dates back to the time of the delivery of the deed to the bank and renders it a transfer as of that date. [Williams v. Latham, 113 Mo. 165; Sneathen v. Sneathen, 104 Mo. l. c. 209.]

III. There was no error in the exclusion of the testimony sought to be introduced by plaintiffs as tending to show that the cashier was the agent throughout this transaction of the grantor. The witness had defined, both on direct and cross-examination, his relation to the grantor, which showed that it was in no wise different from that sustained by him to other patrons of the bank. The court properly held that the conduct of the parties was sufficient from which to determine their relations towards each other without the witness being required by name to designate the same, which would have constituted but a conclusion and not the statement of a fact.

IV. The refusal of certain declarations of law asked by plaintiffs did not constitute error. They were based

upon false assumptions of fact and did not, therefore, correctly declare the law.

There was no prejudicial error committed in the trial of this case. The judgment was for the right party and it is affirmed. All concur, except *Higbee, P. J.,* not sitting.