MARTHA FORSTER et al. v. LEE CLARK et al., Appellants.—No. 38329.—
171 S. W. (2d) 647.

Division One, June 1, 1943.

*E. P. Dorris* for Lee Clark, appellant.

*E. V. Kell* and *A. W. Landis* for respondents.

CLARK, J.—In 1924 W. H. Clark and Sarah J. Clark, his wife, executed a deed purporting to convey 160 acres of land to their son, Lee Clark. W. H. Clark died on September 7, 1939, and about one week later his widow gave the deed to Lee Clark who had it recorded. Some of the children and heirs of W. H. Clark brought suit against Lee Clark, the other heirs, and the widow. The petition was in two counts: (1) alleging that the deed was void for want of delivery; (2) for partition and sale of the land and distribution of the proceeds. The judgment of the circuit court was for the plaintiffs and defendant, Lee Clark, has appealed.

Defendants offered a demurrer to the evidence at the close of plaintiffs' case and at the close of the whole case. There is no controversy as to heirship, nor that the land is insusceptible of division in kind and there is little, if any, conflict in the testimony. Our sole problem is to determine whether, under the evidence, the deed is invalid for want of effectual delivery.

The only evidence as to the circumstances surrounding the execution of the deed was given by Sarah J. Clark. She was about 80 years of age at the time of the trial and the deed was executed more than 17 years before that. She said that she and her husband went to the office of a notary where the deed was prepared, signed and acknowledged. Her husband then handed the deed to her and told her to take care of it, put it away and not say anything about it and, after his death, to give it to Lee. On arrival at their home she, in the presence of her husband, put the deed in an unlocked trunk in

the room [648] where they slept, where it remained for fifteen years and until after the husband's death. In her testimony without objection, she was permitted to answer questions as to her "understanding," typical of which is the following:

"Q. Was it your understanding, Mrs. Clark, that Mr. Clark could recall that deed any time he wanted to? A. Sure he could."

Later a somewhat similar question was objected to without any reason being assigned for the objection and without any definite ruling by the court.

Lee Clark had occupied the land for several years before the deed was executed and had paid part of the income to his father. He continued to occupy the land in the same way thereafter. Taxes were assessed to, and paid by, W. H. Clark. Government payments under the soil conservation program were made to W. H. Clark. Lee Clark had no knowledge that the deed had been executed until it was delivered to him by his mother after his father's death.

The deed is an ordinary warranty deed without any reservation of a life estate and recites a consideration of "one dollar and other valuable consideration."

Over the objection of plaintiffs' counsel that the other party to the transaction was dead, Lee Clark was permitted to testify. He said that he paid back to his parents "in work" an indefinite part of the money which they paid for taxes; and that he received part of the money paid to his father by the government. He also said his father, in the early part of 1939, sold the growing timber and made a "timber deed," but that he got part of the proceeds.

This court has many times been called upon to consider problems similar to the one here involved and the applicable principles of law are well settled. Those principles are clearly set forth with copious citation of authorities in Blackiston v. Russell, 328 Mo. 1164, 44 S. W. (2d) 22, 1. c. 26. Delivery is essential to the validity of a deed; the grantor must part with dominion and control over the instrument with intent that it take effect in the present; the delivery need not be made to the grantee, but may be made to a third person for him.

However, each case has its own peculiar facts and it is not always easy to apply the applicable principles to the particular facts. That may explain why both parties here have cited many of the same cases in support of their respective contentions. It is of prime importance to determine the intent of the grantor, from his words, or his conduct, or from both. But first it may be well to discuss the cases upon which appellant relies.

In Meador v. Ward, 303 Mo. 176, 260 S. W. 106, a husband and wife made a deed to their daughters and he gave it to the wife "to take care of for the girls." The wife put the deed in the husband's box with his papers, but shortly before his death he told her to have

the deed recorded, which she did. Of course, those facts furnish a clearer inference that the grantor intended to part with dominion of the deed and to make it convey a present interest than do the facts in the instant case. In Hamilton v. Armstrong, 120 Mo. 597, 25 S. W. 545, there was complete delivery of the deed to one of the grantees. In Sneathen v. Sneathen, 104 Mo. 201, 16 S. W. 497, the grantor gave the deeds to his wife with instructions to give them to the grantees the first time she saw them. This was a complete delivery although the wife did not actually give the deeds to the grantees until after her husband's death. In Slagle v. Callaway, 333 Mo. 1055, 64 S. W. (2d) 923, there was evidence that the grantor gave the deed to his son, the grantee, with the request that it be not recorded until his death. One witness said the grantor told him he wanted to live in peace with his family, that is, he wanted to withhold the deed from record for fear the other children might object. Until his father's death the grantee kept the deed in a bank box to which they both had access, but in which their papers were kept separate. We held that the delivery was complete and was not nullified by instructions to withhold the deed from record, nor by the fact that the grantor could have regained possession of the deed. It is apparent that the evidence of completed delivery is stronger in that case than in the instant case. In Mendenhall v. Pearce, 323 Mo. 964, 20 S. W. (2d) 670, l. c. 675, the grantor left the deed with a bank with written instructions to keep it until her death and then to deliver it to the grantees. We held, in effect, that the instructions clearly meant for the bank to hold the deed as against both the grantor and the grantee until the grantor's death, and then to deliver it to the grantee, that thus the grantor [649] parted with dominion over the deed and it became effective as a present conveyance, only the possession of the property being postponed. The facts and ruling in Meredith v. Meredith, 287 Mo. 250, 229 S. W. 179, in Southern v. Southern (Mo.), 52 S. W. (2d) 868, and in Blackiston v. Russell, 328 Mo. 1164, 44 S. W. (2d) 22, are almost identical with those in the Mendenhall case. In Givens v. Marbut, 259 Mo. 223, 168 S. W. 614, there was actual manual delivery to the grantee, the effect of which could not be destroyed by subsequent acts of dominion over the land by the grantor. In Schooler v. Schooler, 258 Mo. 83, 167 S. W. 444, the facts clearly show a completed delivery of the deed by the grantor, to a third person for the grantee. In Whiteley v. Babcock (Mo.), 202 S. W. 1091, there was no question as to the manual delivery of the deed; the controversy being as to the agreement of the parties as to when the deed should take effect. In Zumwalt v. Forbis, 349 Mo. 752, 163 S. W. (2d) 574, there was direct testimony of actual delivery of the deed.

Many cases could be cited, and some are cited by respondents,

which hold the delivery of deeds incomplete under facts somewhat like those in the instant case.

From the pleadings, the conduct of the trial, and the briefs in this court, it seems that the parties regard this as a suit at law rather than in equity. We think that is correct for the only question is: "was the deed delivered?" If it was not delivered, it is no deed, and could not affect even the legal title. Under some circumstances that question could be a proper one for decision by a court of equity, but here the plaintiffs do not claim equity nor allege want of an adequate remedy at law; they do not seek to remove a cloud from their legal title; in effect, although they make some reference to equity, they allege that they and defendants *have* the legal title as tenants in common and ask that the land be sold and the proceeds divided. [See the opinion of Judge Valliant in McNear v. Williamson, 166 Mo. 358, 66 S. W. 160; also Rausch v. Michel, 192 Mo. 293, 91 S. W. 99; and 30 C. J. S., pp. 356-7, sec. 30, "Equity".]

In a lawsuit we are bound by the trial court's finding of facts, if supported by substantial evidence; in an equity case we make our own finding, giving due deference to the chancellor. We hold that the judgment is supported by substantial evidence and that, whether considered as a case at law or in equity, the finding of the trial court should be sustained.

There are facts and circumstances indicating that the grantor, W. H. Clark, did not intend to part with dominion over the deed nor intend that it take effect as a transfer in the present. He withheld the deed from record; he told his wife to take care of it, but he saw it put in a place to which he had constant access; (it is a common occurrence for one spouse to request the other to take care of papers, etc.) he told his wife not to say anything about the deed; he continued for fifteen years and until his death to exercise ownership and control of the land, in particular, he sold and conveyed the growing timber.

It may be that no one of the facts mentioned, standing alone, nor all of them together, if properly explained, would be inconsistent with a valid delivery of the deed, but there was no sufficient explanation such as in some of the cases cited by appellant. There is another circumstance which should be given some weight in this kind of case. The widow testified to her remembrance of her husband's instructions and also that it was her understanding that he retained control and had the right to recall the deed at any time. After the lapse of years it is not unlikely that the impression or understanding which she received from the grantor's instruction would remain more clearly in her mind than would the precise words of the instructions. This evidence was admitted without objection and has some probative value not only to show what impression she received, but also the intention of the grantor.

Ray v. Walker, 293 Mo. 447, 240 S. W. 187, involved, among other questions, the validity of the delivery of deeds executed by one Keener to his daughter and three sons. He gave the deeds to his daughter, saying: "You take these. I want you to take them and put them away and keep them until I am gone, and then I want you to give them to Charlie and Newt, my executors." The persons referred to as executors were also two of the grantees named in the deeds. In holding there was no effective delivery of the deeds, this court gave weight to the understanding which the daughter had in receiving them, saying: "It is clear from the testimony of Mrs. Walker that her acceptance of the [650] deeds was with the understanding on her part that she took them for safe-keeping, subject to the right of her father to recall them at any time."

We hold that there was no valid delivery of the deed by W. H. Clark and the judgment is affirmed.

All concur.