**Herbert HAER, Appellant,**

**v.**

**Ethel CHRISTMAS, Leona Rebel, George Haer, Edmund F. Haer, Lillian A. Lunsford, Elsie Woolley, Mabel Walton, and Lena Randall, Respondents,**

**and**

**E. E. Richards, Jr., Executor of the Estate of George A. Haer, Deceased, Appellant.**

**No. 46187.**

Supreme Court of Missouri,

Division No. 1.

April 14, 1958.

Gene Thompson, James P. Dalton, Maryville, Ben W. Swofford, Laurence R. Smith, Swofford, Schroeder & Shankland, Kansas City, for appellant Herbert Haer.

Richard L. Douglas, Brown, Douglas & Brown, St. Joseph, for respondents.

HOLMAN, Commissioner.

Action in equity to set aside eight warranty deeds executed February 5, 1952, by

George A. Haer, now deceased, on the ground that said deeds were not effectively delivered by the grantor during his lifetime. The grantees named in the various deeds are nine nieces and nephews of the grantor, including plaintiff and the eight respondent-defendants. E. E. Richards, Jr. was also made a defendant in his capacity as executor of the decedent's estate. The cause was filed in the circuit court of Holt County but thereafter transferred on change of venue to the circuit court of Buchanan County. A trial resulted in a decree for defendants. The court ruled that the petition did not state a cause of action as to defendant Lillian A. Lunsford, as the land described in the deed to her was situated in the State of Nebraska; and further found "that the several [remaining] deeds of George A. Haer described in plaintiff's petition are valid deeds, and that the same were effectively delivered in the lifetime of the grantor." The court also granted certain affirmative relief on cross claims filed by various defendants, but no issue is raised upon this appeal concerning that part of the decree. Plaintiff and defendant executor each filed notices of appeal but said defendant has taken no further steps to perfect his appeal and same is accordingly dismissed. Supreme Court Rule 1.15, 42 V.A. M.S. We will proceed to review the appeal of plaintiff from the decree entered.

George A. Haer (also known as Arthur Haer) resided in Holt County, Missouri. He owned considerable real and personal property with most of his realty being located in that county. On August 16, 1947, he made and executed a will which was duly admitted to probate following his death on July 31, 1952, at the age of 71. Therein he devised a tract of land to his niece, Lena Randall and her husband, and provided that his executor sell the remaining real estate and reduce his estate to cash. After payment of debts and expenses it was provided that the residue of said estate be divided equally between eight nieces and nephews, i. e., plaintiff Herbert Haer, and defendants Ethel Christmas, Leona Rebel,

George Haer, Edmund F. Haer, Lillian A. Lunsford, Elsie Woolley, and Mabel Walton.

On January 20, 1952, George A. Haer entered the Community Hospital at Fairfax, Missouri, suffering from a serious heart condition. On February 4, 1952, he sent word to Wayne Sharp, cashier of the Bank of Craig, requesting that he come to the hospital to see him. Accordingly, Mr. Sharp appeared at the hospital and was advised by Mr. Haer that he wanted to convey certain of his lands and desired that Sharp prepare the deeds for him. Decedent instructed Mr. Sharp to return to Craig and obtain certain deeds from the Haer home, and others from his safety deposit box in the Bank of Craig, from which the legal description of the various tracts of land could be obtained.

Mr. Sharp returned to the hospital the next day and, in accordance with instructions given him by Mr. Haer, prepared the eight deeds in question. The deed to plaintiff and defendant Edmund F. Haer purported to convey land which was valued at about $5,500. The remaining deeds purported to convey certain tracts to each of the other defendants which ranged in value from $12,000 to $22,000. After the deeds had been prepared Mr. Haer aided Mr. Sharp in checking the descriptions, and then executed and acknowledged them. Immediately thereafter, Mr. Haer delivered the deeds to Mr. Sharp with instructions "to keep the deeds at the Bank of Craig and deliver them to the grantees at his death." Later that day Mr. Sharp returned to the bank and put the deeds in an envelope (sealing it) and typed on the face of the envelope the following, "These papers belong to Arthur Haer to be delivered to grantees named on his death."

The facts heretofore stated appear in the testimony of Wayne Sharp who was called as a witness by plaintiff. Mr. Sharp also stated that he did not see Mr. Haer again before his death; that as far as he knew Mr. Haer never requested that any officer of the bank surrender the deeds to him;

that he is not an attorney; that after the death of Mr. Haer he delivered all of the deeds to Mr. Richards, attorney for the bank and the executor named in decedent's will, with instructions to deliver them to the grantees named therein. Mr. Richards testified that he promptly delivered the deeds to the grantees as requested. The seven deeds which purported to convey lands in Holt County were all filed for record in the office of the recorder of deeds of that county in August 1952.

Defendants offered the deposition of Mrs. Thomas A. Ward. She testified that she was an employee of the Bank of Craig; that G. A. Haer was a customer of the bank and had been a loyal friend of hers for years; that he had often told her that he wanted certain of his relatives to receive certain lands; that when the deeds in question were written she was visiting in Arizona. Shortly after the witness returned to Craig she went to see decedent at the hospital and he stated, "I took suddenly ill while you were gone and not knowing when you would return, I asked Wayne to come up to the hospital because I felt I should make the disposition of my land which I had discussed with you so many times." Note also the following:

"Q. Did he by any chance say anything to you what had been done with the deeds after he signed them? A. Yes, he said he had given them to Wayne with the instructions that at his death they would be turned over to the grantees, and I did ask him if there had been any disposition made of the money and he said no. He said, 'Let that be taken care of as it would.' * * *

"Q. This information Mr. Haer gave you about having made these deeds, I assume was voluntary on his part? A. Yes. Many times he made the statement that he wanted to take the necessary steps that the ones he wanted to get certain lands would get it.

"Q. And that was—those occasions were all prior to February of 1952? A. Before and after.

"Q. And after? A. Yes. And he said he thought he had made—had taken the necessary steps that would guarantee that being done."

■ In this equitable action it is our duty to review the cause de novo and in so doing we weigh the competent evidence and reach our own conclusions as to the facts. Fisher v. Miceli, Mo.Sup., 291 S.W.2d 845. In that connection it may be noted that there is no conflicting verbal testimony involving the credibility of witnesses.

■ As we have indicated, the sole question presented upon this appeal is whether there was an effective delivery of the instant deeds so that they would operate to convey the lands therein described to the grantees. "One of the essential requisites of the validity of a deed, so as to pass the title, is delivery. On the question of whether, in a given case, there has been a delivery the intention of the grantor is the controlling element. Delivery connotes that the grantor not only parts with all dominion and control over the instrument, but that he does so with the intention that it take effect and pass the title as a present transfer. Such intention may be manifested by acts, or by words, or by both words and acts." Dallas v. McNutt, 297 Mo. 535, 249 S.W. 35, 36. However, it is not required that the grantor deliver the deed directly to the grantee. It may be delivered to a third person for future delivery to the grantee.

We have stated that "The delivery of a deed by the grantor to a third person, with unconditional instructions that it be held by him and delivered to the grantee upon the grantor's death, is a valid delivery, if there is no reservation by the grantor of any dominion or control over the deed and conveys to the grantee a present interest in the land." Blackiston v. Russell, 328 Mo. 1164, 44 S.W.2d 22, 26. Moreover, we think that the requirement that there be an intention on the part of the grantor to convey to the grantee a present interest in the land does

not mean that he must intend to transfer the present right of possession. In that connection it was stated in a case somewhat like the instant one that the "deed at bar, unconditional in its terms and beyond the control of the grantor upon its delivery to the bank, although not conferring an immediate right of present possession, constituted such an investiture of title as to give the grantee a present fixed right of future enjoyment although the use of the premises was retained by the grantor during his life." Meredith v. Meredith, 287 Mo. 250, 229 S.W. 179, 181.

Plaintiff contends that the evidence shows that Mr. Haer retained dominion and control over the deeds and hence there was no valid delivery. In support of that position plaintiff relies mainly upon the testimony of Sharp wherein he stated several times that he wrote grantor's instructions on the envelope "the exact way I remembered it," or, as stated in another instance, "Q. * * * You were writing down what you understood were Mr. Haer's instructions? A. Right." As stated, the recital on the envelope was, "These papers belong to Arthur Haer to be delivered to grantees named on his death." Plaintiff seems to take the position that the portion of the statement, "These papers belong to Arthur Haer," is strong evidence that Mr. Haer did not surrender control of the deeds. We do not agree. We do not consider that portion of the statement as being any part of the instructions given to Wayne Sharp. Mr. Sharp's narration of their conversation would not indicate that the grantor made any statement of that kind. The recital in question was not written in the grantor's presence and the evidence indicates that he never saw it. If, as plaintiff contends, the word "belong" was used by Sharp to indicate unqualified ownership, the most that can be said for its instant use is that it represents the conclusion of the person writing the statement. Mr. Sharp testified fully as to the deeds and Mr. Haer's instructions in regard to them. In that situation it was the duty and prov-

ince of the trial court, as it is ours, to form its own conclusion, from the evidence, as to ownership and the right of dominion over the deeds. We have the view that the word "belong" was used by Mr. Sharp as a means of identifying the deeds as being instruments that had been executed and acknowledged by Mr. Haer. Since we construe the statement, "These papers belong to Arthur Haer," as being no part of the instructions given to Sharp but used by him merely to identify the instruments in the envelope, we rule that any possible inference of dominion that the statement might import would not prevail over the unconditional instructions shown by the testimony of Mr. Sharp to the effect that he was "to keep the deeds at the Bank of Craig and deliver them to the grantees at his death."

It would seem obvious that Mr. Haer did not deliver the deeds to Sharp merely for safekeeping. Had that been his intention it would seem that he would have had them placed in his safety deposit box. It is undisputed that Mr. Haer executed and acknowledged the deeds and delivered them to Mr. Sharp with the instructions heretofore noted. The foregoing cases indicate that the stated facts are sufficient to constitute an effective delivery unless it should appear that the grantor retained control over the deeds so that they were subject to being recalled by him.

 In the situation presented it becomes important to note that the burden is cast upon plaintiff to prove nondelivery. "A party, either plaintiff or defendant, who seeks to invalidate a deed must affirmatively prove the invalidity or irregularity. If the denial of the validity is based upon nondelivery, the burden of proving nondelivery is upon one who seeks to set aside the deed." 16 Am.Jur., Deeds, Section 372, p. 650. See also, Zumwalt v. Forbis, 349 Mo. 752, 163 S.W.2d 574, and Carr v. Lincoln, Mo.Sup., 293 S.W.2d 396. Since we have indicated that the acts and statements of the grantor were at least prima facie sufficient to constitute a valid delivery, and

since there was no convincing evidence to affirmatively denote that the grantor retained control over the deeds, it should be obvious that the trial court ruled correctly in entering a decree for the defendants.

Plaintiff points to a number of facts and circumstances which he says tend to prove that the grantor intended to retain dominion over the deeds. First, he contends such is indicated by the fact that the deeds were to be kept in the bank where Mr. Haer was a customer and where he kept other papers. We do not think the fact that he was a customer of the bank is significant, and the inference may be drawn from the evidence that his other papers were kept in his safety deposit box at the bank. Next, it is said that grantor was seriously ill at the time and that condition would indicate that he might be more disposed to have intended to withdraw the deeds in the event he recovered. The fact is that he did not attempt to withdraw the deeds in the six months he lived after their delivery to Sharp and, moreover, it would seem more reasonable to say that his serious illness was the factor which caused the grantor to make an effective conveyance to carry out an intention he had expressed many times to Mrs. Ward.

█ . It is next suggested that if Mr. Haer had intended a present transfer of title he would have reserved a life estate in the lands. While we stated in Noe v. Noe, 359 Mo. 867, 224 S.W.2d 77, that the fact grantor reserved a life estate was a further indication (considered with other facts) that he intended to convey a present interest in the land, we have heretofore quoted from Meredith v. Meredith, supra, wherein it was said that a present interest could be conveyed although grantor (without written reservation) intended to retain the use of the premises during his lifetime. The Meredith case also disposes of plaintiff's next point to the effect that most of the grantees lived near Craig and if Mr. Haer had intended to make a present conveyance he could have delivered the deeds directly to the grantees. We think it apparent that Mr. Haer chose the instant method so that he could make an effective conveyance and yet retain the use of the lands while he lived.

While no case has been cited (nor have we found any) which involved the precise facts here presented, we think our views herein are supported generally by the following cases: Meredith v. Meredith, supra; Blackiston v. Russell, supra; Mendenhall v. Pearce, 323 Mo. 964, 20 S.W.2d 670; and Noe v. Noe, supra. The judgment and decree herein is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.