Estelene HAYES, Plaintiff-Respondent,

v.

Harold M. JAYNE, Executor of the Estate of Myrtle Hayes, et al., Defendants,

Harold M. Jayne, Executor of the Estate of Myrtle Hayes, et al., Defendants-Appellants.

No. 34960.

Missouri Court of Appeals, St. Louis District, Division Two.

June 26, 1973.

Application to Transfer Denied Oct. 8, 1973.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 16, 1973.

Jayne, Oswald & Cottey, Kirksville, for defendants-appellants.

Webber & Green, Memphis, Zenge & Smith, Canton, for plaintiff-respondent.

SMITH, Presiding Judge.

Appellants, the executor and certain beneficiaries under the will of Myrtle Hayes,

appeal from the action of the trial court in quieting title to certain farm land in Estelene Hayes.

On May 27, 1940, Myrtle Hayes conveyed a piece of property, by warranty deed, to Hughie C. Hayes, her son, and Estelene Hayes, his wife. Myrtle reserved to herself a life estate in the land. The deed was acknowledged but never recorded. The consideration was one dollar and "love and affection." On the same day Myrtle, Hughie and Estelene entered into a "contract and lease" of the same land, in which Myrtle leased the land to Hughie and Estelene for $150 per year commencing March 1, 1941, and terminating on the death of Myrtle. The lessees agreed to pay all taxes and insurance; to keep all buildings and improvements in good repair; and to farm the lands in good and husbandlike manner. Hughie and Estelene (until Hughie's death in 1959), and Estelene thereafter, performed all the conditions of the lease. Also, on May 27, 1940, Myrtle assigned her insurance policy on the devised land to herself and Hughie and Estelene. Myrtle Hayes was recently widowed at the time of these transactions.

The deed was placed in an envelope which contained certain writing on it. Appellants contend that the writing was inadmissible because hearsay and unauthenticated and premise error on the admission of the envelope into evidence. We need not reach that contention for we find it unnecessary to consider the writing in disposing of the case.

The envelope was then placed in an escrow account at the Bank of Memphis until 1948. At that time Myrtle wanted to transfer the deed to the recently formed Farmers and Merchants Bank and asked Hughie for permission to do so. Hughie initially demurred but after an hour and a half or two hours of argument finally said, "[I]f it will make you happy, Mother, move it up to the Farmers and Merchants Bank." Myrtle did so and the envelope was placed in the bank's "safekeeping" file.

It was not kept in Myrtle's safe-deposit box also located in that bank. There is no indication that Myrtle, Hughie or Estelene ever thereafter had the deed in their possession. Myrtle Hayes died on June 28, 1970, leaving a will which made specific bequests to be satisfied from "the amount received from the sale of my farm property located northeast of Memphis in Scotland County, Missouri." The will was executed on September 4, 1969. The inventory of the executor showed two parcels of real property, one the land in dispute and the other a parcel of approximately 25 acres valued at $10,000.

■ Appellants' contention is that no delivery of the deed was ever made by Myrtle and the real estate is properly a portion of Myrtle's estate. They further premise error upon the admission of the deed into evidence. Section 490.410, RSMo 1969, V.A.M.S. permits acknowledged instruments to be read into evidence without further proof. The deed was properly admitted.

■ The parties have briefed extensively the question of who has the burden of proof. The general rule is that the person seeking to invalidate a deed has the burden (Galloway v. Galloway, 169 S.W.2d 883 (Mo.1943) [16, 17]) but there is also case law that when the grantor fails to record the conveyance and retains possession of the deed there is a presumption of non-delivery (Shroyer v. Shroyer, 425 S.W.2d 214 (Mo.1968) [12]). Again we find it unnecessary to resolve this dispute for the record convinces us that there is substantial evidence of delivery.

■ Since this is an equitable action our review extends to both the law and the facts, giving due deference to the findings of the trial court and reversing only if the trial court's determination is clearly erroneous. V.A.M.R. 73.01(d). In determining whether delivery of a deed has been made, the intention of the grantor is the paramount consideration and that intention

is to be gleaned from her acts and words. Shroyer v. Shroyer, *supra*, [2–7].

There are several pieces of evidence which indicate Myrtle Hayes' intention to vest immediate title in her son and daughter-in-law. Her reservation to herself of a life estate raises a strong presumption that she intended title to immediately vest in the grantees. Shroyer v. Shroyer, *supra*, [14]. Also, her assignment, on the same day as the execution of the deed, of her insurance to herself and the grantees evidences an immediate change of interests in the property. See Coles v. Bedford, 289 Mo. 97, 232 S.W. 728 (1921) [1, 2] where the retention of insurance in the grantor's name was found significant to a finding of non-delivery. The deed was originally placed in an escrow account in the Memphis Bank. This is evidence of delivery, particularly where there is no convincing evidence to indicate that grantor retained control over the deed. Haer v. Christmas, 312 S.W.2d 66 (Mo. 1958) [3, 4]. The subsequent transfer to the Farmers and Merchants Bank into its "safekeeping" file, of course, could not undo a prior delivery. But even that transfer is significant in two respects. First, the deed was not transferred to the grantor's safe-deposit box as would seem logical if grantor were attempting exclusive control of the deed. See Haer v. Christmas, *supra*, [2]. And secondly, the transfer was made only after grantor had sought and received the permission of one of the grantees. Grantor's request for such permission evidences her belief that she no longer had exclusive control over the deed. Further, her lease of the property for the rest of her life to grantees at the time of the execution of the deed is significant. Taken with the deed, the change in insurance, and the requirement that the land be farmed and maintained by grantees, the entire transaction reflects grantor's intention to make an immediate inter vivos gift to the grantees and to place them in immediate possession and control of the property. Shroyer v. Shroyer, *supra*, [15] indicates that such relinquishment of control is of importance in determining grantor's intent.

Appellants point to three items to demonstrate a lack of delivery. (1) The deed was unrecorded. We feel this negative evidence is clearly outweighed by the positive evidence of grantor's intent to vest an immediate interest in grantees. (2) Nor is the fact that grantor with grantees' consent placed the deed in a "safekeeping" rather than escrow account at the Farmers and Merchants Bank particularly impressive. There is no showing that she designated what type of account the bank was to place it in, and there is no indication that in 22 years she attempted to regain possession of the deed. (3) While her will provides for sale of land to satisfy a bequest, the land referred to is not specifically described and may well refer to the other tract of land listed in the inventory.

Appellants also contend that respondent is barred from bringing her suit by virtue of Section 473.360 RSMo 1969, V.A.M.S., the non-claim statute. The simple answer to that contention is that respondent's suit is not a "claim." Claims are "liabilities of the decedent which survive. . ." Section 472.010 RSMo 1969, V.A.M.S. Respondent's suit is not founded upon any liability of the decedent. It seeks only to have determined whether the land involved belongs to respondent or the estate. Having found delivery of the deed in 1940 respondent was at that time vested with the remainder interest in the real estate to become effective upon grantor's death. Grantor's life estate in the property terminated upon her death. The real estate involved was not an asset of decedent at the time of her death, nor an asset of the estate.

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.