**In re the MARRIAGE OF Clarence DAVAULT and Ellen A. Davault.**

**Clarence DAVAULT,
Petitioner-Respondent,**

**and**

**Ellen A. DAVAULT,
Respondent-Appellant.**

No. 12433.

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 1982.

Charles T. Smallwood, Williams, Smallwood & Crump, Rolla, for petitioner-respondent.

William W. Hoertel, Virginia I. Nye, Rolla, for respondent-appellant.

PREWITT, Presiding Judge.

Ellen A. Davault (Ellen) appeals from a decree of dissolution of marriage, contending that the trial court erred in setting aside to Clarence Davault (Clarence) an 80-acre tract.

Clarence's mother signed a warranty deed dated September 19, 1955, purporting to convey the 80 acres to Clarence and reserving for herself a life estate. The deed was held by an attorney until after Clarence's mother died. Why the deed was held, or in what capacity the attorney was acting, is not explained in the record. Ellen and Clarence were married on July 12, 1958. After Clarence's mother died on June 22, 1975, Clarence got the deed from the attorney and recorded it on June 26, 1975. No question is raised regarding Clarence's title to the property.

Ellen asserts that the tract was marital property because consideration for it passed during the marriage of the parties; the deed was delivered and recorded during the marriage; and the parties took possession of the property during that time. Ellen contends that her testimony, combined with that of his sister established that the property was deeded to Clarence in consideration for his caring for his mother for the rest of her life and that any other finding would be against the weight of the evidence. Clarence denied that such an agreement existed and said that he received the property as a gift from his mother. Clarence's sister testified that their mother "had to have somebody to take care of her. So, she said she'd stay with Clarence, and that's how come he got it. If he'd take care of her, why, he'd get the—I mean, yeah, the 80 acres, get the piece of land." The sister

admitted that she did not get along well with Clarence and had sought to have him removed as executor of their mother's estate.

As no findings of fact were requested or made, we consider all fact issues as having been found in accordance with the result reached. Rule 73.01(a)(2); *Stamme v. Stamme*, 589 S.W.2d 50, 53 (Mo.App.1979). Therefore, we consider that the trial court found that Clarence acquired the property before the marriage and thus it was not marital property. § 452.330.2, RSMo 1978.

It appears to us that if Clarence has title to the property, he acquired it prior to the marriage. While delivery is essential to a valid deed, it is not necessary that there be a manual delivery, and if a deed is signed, acknowledge, and placed in the custody of a third person for the benefit of the grantee, then the deed has been delivered and title passes, if that is the grantor's intent. *Hafford v. Smith*, 369 S.W.2d 290, 295 (Mo.App.1963). Delivery of a deed by the grantor to a third party, with unconditional instructions that it be held and delivered to the grantee upon the grantor's death, is a valid present delivery, if there is no reservation by the grantor of any dominion or control over the deed. *Haer v. Christmas*, 312 S.W.2d 66, 68 (Mo. 1958). In such event the grantee receives a present interest in the property and a fixed right of future enjoyment even though the use of the premises was retained by the grantor during his life. Id. 312 S.W.2d 68–69; *Bailey v. Williams*, 326 S.W.2d 115, 122 (Mo.1959).

Clarence's mother's reservation of a life estate raises a strong presumption that she intended title to immediately vest in him. *Hayes v. Jayne*, 498 S.W.2d 829, 832 (Mo.App.1973). Placing a deed to be held by a third party is evidence of delivery, particularly where there is no convincing evidence to indicate that the grantor retained control over the deed. Id. There was no evidence of any intention of Clarence's mother to retain control over the deed and we think the trial court would have been justified in finding that Clarence received a present interest in the property prior to the marriage. That Clarence and Ellen may have taken care of his mother during their marriage would not convert his separate property to marital property. See *In re Marriage of Null*, 608 S.W.2d 568, 570 (Mo.App.1980).

However, even if we assume that the property was acquired after the marriage and is presumed to be marital property, § 452.330.3, RSMo 1978, that presumption can be overcome by showing that the property was acquired by gift, an issue on which Clarence would have had the burden of proof. *In re Marriage of Null*, supra, 608 S.W.2d at 570. We must consider that the trial court found that the property was a gift to Clarence. Rule 73.01(a)(2).

We give due regard to the opportunity of the trial judge to judge the credibility of the witnesses, Rule 73.01(c)(2), and set aside a judgment because it is against the weight of the evidence with caution and with a firm belief that the decree of judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Weight of the evidence" means its weight in probative value, not the quantity or amount thereof and it is not determined by mathematics, but depends on its effect in inducing belief. *Langley v. Langley*, 607 S.W.2d 211, 212 (Mo.App.1980). When we consider "weight of the evidence" in terms of its effect in inducing belief and give due regard to the opportunity of the trial judge to have judged the credibility of the witnesses, we cannot say with a firm belief that the trial court would have been wrong in finding that the property was acquired by Clarence prior to the marriage or that he received it as a gift.

The judgment is affirmed.

HOGAN, BILLINGS and MAUS, JJ., concur.