## Daniel et al. vs. Lefevre.

When the title of the plaintiff in ejectment is controverted, under the general issue, he must prove: 1st. That he had the legal estate in the premises at the time of the commencement of the suit: 2d. That he had the right of entry; and 3d. That the defendant, or those claiming under him, were in possession of the premises.

*Appeal from the Circuit Court for Pulaski County.*

The Hon. John J. Clendenin, Circuit Judge.

Watkins & Gallagher, for the appellants.

S. H. Hempstead for the appellee.

Mr. Justice Hanly, delivered the opinion of the Court.

This was an action of ejectment to recover one hundred and fifty acres of land situate in Pulaski county, and described in the declaration as follows: " Beginning on the north-easterly boundary of Joseph Bartholomew's survey No. 2418, of 640 acres, at a point 19.59 chains, south 75 deg. east from the north west corner of said survey, thence south 75 deg. east, along the said north-easterly boundary 19.56 chains; thence south 17 deg. west 78.04 chains across said Joseph Bartholomew's survey to the Arkansas river; thence up the Arkansas river, north 44 deg. west 3.03 chains, north 73 deg. west 16.91 chains, and thence north 17 deg. east, 76.57 chains to the point of beginning, being within and a part of the said Joseph Bartholomew's survey No. 2418." The suit was brought by the appellants against the appellee in the Pulaski Circuit Court. Plea not guilty, and issue. Trial by the Court by consent—verdict and finding for the ap-

13

pellee, exceptions both as to the finding of the Court and its re-
fusal to declare certain propositions to be the law as applicable
to this case, and its declaration that certain other propositions
suggested by the appellee, were law as applicable thereto.
Appellants excepted, setting out all the evidence, and the propo-
sitions proposed and refused, and those given or declared by the
Court, and they appealed.

The errors assigned, question the ruling of the Court below,
both in respect to the finding for the appellees as well as for
declaring the law to be as set out, and declining to declare it to
be as proposed by the appellants. We propose to take up these
several questions in their order, and dispose of them as they oc-
cur.

1. Did the Court err in refusing to declare, at the request of
the appellants, as matter of law, that they had shown sufficient
legal title to entitle them to recover?

When the title of the plaintiff in ejectment is controverted
under the general issue, he must prove, (1), that he had the legal
estate in the premises at the time of the commencement of the
suit: (2) that he also had the right of entry: and (3) that the de-
fendant or those claiming under him were in possession of the
premises at the time when the suit was commenced. See 2
*Greenlf. Ev. sec.* 304; *Adams on Eject. by Tillinghast, p.* 247.

It is said to be a maxim of the law that the party in posses-
sion of property, as well land as personal property, is considered
to be the owner, until the contrary is proved. It is necessary,
therefore, for a claimant in ejectment to show in himself a good
and sufficient title to the disputed lands, for it is an universally
acknowledged and recognized principle, that the plaintiff in
ejectment must recover on the strength of his own title and not
on the weakness of his adversary's. See *Adams on Ejeet. by
Tillinghast, p.* 33, *and Note* 1, *and authorities cited*; *Eason vs.
Doe,* 6 *Blackf. Rep.* 341; *Huddleston vs. Garrett,* 3 *Humph. Rep.*
629. *Wynn vs. Cole, Walker's (Mi.) Rep.* 119.

The appellants produced and proved—without objection—at
the trial, a survey made by a deputy surveyor of the United

States, on the 16th December, 1816, of a claim for Joseph Bartholomew and a plat or diagram thereto attached. The claim being described as claim No. 2418' and as being that of Joseph Bartholomew, for 640 acres of land, situate joining the northern shore of the Arkansas river, and likewise the eastern boundary of Francis Imbeau's survey No. 2431, of 640 acres. They also produced and read, without objection, a patent issued by the United States Government to the legal representatives of Joseph Bartholomew and their heirs, for the identical tract described and set forth in the survey and plat first produced and proved as above. They next produced and read without objection a deed from Joseph Bartholomew and wife to Wright Daniel, dated 27th May, 1816, by which it purports that the grantors for the consideration of $450, conveyed to the grantee therein, " one equal undivided half part of the settlement and improvement right of 640 acres of land situate on the Arkansas river, about three miles below the Little Rock, on said river, the other half of said settlement right of 640 acres of land, the said Bartholomew sold and conveyed to William Russell of St. Louis, prior to this date." This deed appears to have been regularly and in due form acknowledged and recorded; the certificates of which were also read without objection.

It was also proved by the appellants that the appellee was in possession of the tract of land set forth and described in the declaration at the time this suit was commenced. And this was all the proof introduced or offered by the appellants at the trial.

Without noticing the evidence offered by the appellee in support of her title, we propose for the time being, to consider that offered and adduced by the appellants in support of theirs.

We are at a loss to determine from the evidence stated, in what right the appellants claim to be entitled to recover the premises in controversy. No evidence was introduced showing title in the appellants. Do they claim under the deed from Bartholomew and wife, of the 27th May, 1816? They have shown no privity of blood or title between themselves and the Wright Daniel, grantee in that deed. The appellants or plain-

tiffs named in the declaration, which is the foundation of this suit, are William W. Daniel, John Morrison and Edny Morrison his wife, formerly Edny Daniel, Daniel Rover, Claibourne Rover, Francis Rover, William Garrett and Martha Garrett his wife, formerly Martha Rover. Who are these parties? Are they heirs at law of Wright Daniel, the grantee in the deed from Bartholomew and wife, under date 27th May, 1816? if so, they have failed to establish that fact, or to introduce any evidence tending to prove it. If they claim under title derived by and from Wright Daniel, they have omitted to produce or prove such conveyance. If they claim under a grant directly from the legal representatives of Joseph Bartholomew, who seem to be the patentees of the land in controversy, they have failed to prove any such grant. Judging from the names of some of the appellants, we infer that they expected and intended to show title to the premises sued for as heirs at law of Wright Daniel. If we are right in this, they should have proved, in addition to the facts really established by them, that their ancestor was the person last seized of the premises and that they are the heirs of such ancestor. See 2 *Greenlf. Ev.*, sec. 309; *Adams on Eject. by Tillinghast*, p. 254; *Bull. N. P.* 102, 103.

If they had claimed the premises in controversy as devisees of Wright Daniel they should have proved the seizin and death of the devisor and the due execution of the will. See 2 *Greenlf. Ev.*, sec. 310; *Adams Eject.* 261.

Having utterly failed to connect themselves with the paper titles produced on the trial, we are constrained to hold that the Court did not err in refusing to declare, at the request of the appellants, as matter of law, that they had shown sufficient legal title to entitle them to recover in this suit.

The disposition we have made of this question virtually disposes of the 3d and 5th assignments of error, and renders it unnecessary that we should pass upon the 2d and 4th, involving the title of the appellee; for as we have before shown, the plaintiff, in an ejectment suit, must recover upon the strength of his own title, and not upon the weakness of his adversary's

title, and that a defendant need not attempt to show title at all, until the plaintiff has made out his case.

If the Court below had even erred in reference to the title of the appellee, that error could not affect the appellants for the reason, as we have holden, that they laid no foundation requiring the appellee to produce any evidence. To pass upon the title under such circumstances, would be a work of supererogation on our part, and consequently not entitle our decision in reference to it, to the respect ordinarily accredited to a judicial determination of questions legitimately presented for that purpose.

Finding no error in the judgment of the Pulaski Circuit Court rendered in this cause, the same is affirmed at the cost of the appellants.

Absent, Mr. Justice Scott.