FINLEY, *Appellant*, v. BABB *et al.*

Division Two, May 31, 1898.

1. **Ejectment**: TITLE AT INSTITUTION OF SUIT.  Before plaintiff can recover in ejectment, he must show that he had the legal title at the commencement of the suit, that he was entitled to the possession of the land, and that defendants were then in possession.

2. ———: FORGED DEED.  The mortgage under which plaintiff claimed, being a forgery, was absolutely void, and no title passed to him by reason of a sale thereunder.

3. ———: ———: RATIFICATION.  Nor can the mortgagor by any expressed willingness of hers thereafter to ratify such forged mortgage, and to acquiesce in it, and to adopt it as her instrument, make it a valid instrument.  A verbal statement is not sufficient.  The only way the mortgagor could ratify the forged deed of trust was by the execution of a new one in compliance with the statute, but even then such deed of trust would be subject to an intervening one made by her.

*Appeal from Scott Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*Russell & Deal* for appellant.

(1)    The plaintiff purchased under the first deed of trust.    The defendant purchased under the second. The question now to determine is which got the better title.    Of course sale under the first deed of trust under which we purchased made the better title unless it was invalid as to the purchaser at the sale under the

second deed of trust.  (2) True the first deed of trust was not executed by the grantor herself, but was executed in her name by her son who was her general agent, without her knowledge or consent, but she afterward ratified its execution, and as to her it was certainly valid and binding. *Reg v. Smith*, 3 F. & F. 504; *Weed v. Carpenter*, 4 Wend. (N. Y.) 219; 1 Am. and Eng. Ency. of Law, 429.  (3) The land was, by notice from the trustee at the time, sold subject to the said first mortgage, and bought subject to it.  The purchaser at that sale only got the equity of redemption, and can not now dispute the prior deed of trust. *Mead v. Maberry*, 62 Mo. App. 557; 1 Jones on Mort. [4 Ed.], secs. 736 and 740.

*Joe W. Moore* for respondents.

(1) The trust deed, through which appellant claims title, is admitted to have been a forgery, even the justice's acknowledgment being forged.  The statute requires that all conveyances of land or any interest therein shall be acknowledged or proved by the proper officer and unless so acknowledged they are void as to all except the immediate parties thereto.  R. S. 1889, sec. 2401; *Dalton v. Bank*, 54 Mo. 105; *Cravens v. Moore*, 61 Mo. 178.  It is admitted in the agreed statement of facts that there was never any acknowledgment of the deed of trust under which appellant claims title through trustee's sale, but that it was purely a forgery, therefore the deed under which appellant claims title was void as to respondents and conveys no title.  (2) The facts show that just one month after the date of this forged deed of trust, Missouri Kirkpatrick gave a genuine deed of trust on the same land to Wm. Hunter, trustee for H. L. Finley, the deed under which respondents hold. ' After this genuine

deed of trust was given and accepted a ratification on her part would have been a fraud upon creditors.

BURGESS, J.—This is an action of ejectment for the possession of the northwest quarter of the southwest quarter of section 33, township 27, range 15, in Scott county, Missouri. The trial was before the court, a jury being waived. There was judgment in favor of defendants, from which plaintiff appealed. The case was tried upon the following agreed statement of facts:

"Mrs. Missouri Kirkpatrick was the owner of the land in dispute. On the 20th day of September, 1892, her son, Lank Kirkpatrick, made a trust deed on the land to Wm. Halloway, trustee for J. R. Hagan, to secure a note of $300. This deed of trust was signed by Lank Kirkpatrick for himself, and he signed his mother's name, without her knowledge or consent, to the deed, and forged the justice's certificate of acknowledgment to the same, without the knowledge or consent of the justice or of his mother. This deed of trust was recorded September 27, 1892. The mother, while she did not authorize the signing of the deed, says that he did all of her business and frequently signed her name, and had he asked her permission she would have authorized him to sign her name, and as soon as she learned he had done so she was willing to ratify the act and is now, and will acquiesce in the fact so far as she and her interest goes; and this fact was known by all the parties to this suit before they purchased the land. On the 20th day of October, 1892, Missouri Kirkpatrick made a genuine deed of trust on the same land to Wm. Hunter, trustee for H. L. Finley, to secure $695, recorded December 22d, 1892. On December 8th, 1894, the trustee sold under the last deed of trust. The trustee at the sale notified the purchaser and all bidders of the Hagan deed of trust, and

that the sale was made subject to it, and that Missouri Kirkpatrick did not sign the Hagan deed of trust, that her name and the justice's was a forgery done by Lank Kirkpatrick, but that Missouri Kirkpatrick agreed to and would ratify the same so far as she was concerned. Malone & Vanausdale purchased at this sale for $800 cash, deed recorded same day. On 6th day of March, 1895, the same land was sold under the Hagan deed of trust, by the trustee, and at the sale the plaintiff purchased with full notice of the other sale to Malone & Vanausdale. The defendants are in possession and were when suit was brought. The rents are worth in cash one hundred dollars net per year. On the 29th of December, 1893, Missouri Kirpatrick made a deed of trust on the same land to a trustee for Malone & Vanausdale to secure the sum of $485.52, duly acknowledged and recorded the same day. And she then told said Malone & Vanausdale that it was the second deed of trust on the land.''

It is perfectly clear from the facts agreed upon that plaintiff was not entitled to recover in this action. In order to enable him to do so, it devolved upon him to show that he had the legal title to the land at the commencement of the suit, was entitled to its possession, and that defendants were then in the possession. 2 Greenl. on Ev. [15 Ed.], sec. 304; *Fleming v. Johnson*, 26 Ark. 421; *Daniel v. Lefevre*, 19 Ark. 201.

The mortgage under which plaintiff claims title being a forgery was absolutely void, and no title by virtue of the sale under it passed to him. Nor could Mrs. Kirkpatrick by any expressed willingness of hers to ratify that instrument, and to acquiesce therein made thereafter cure it of its infirmity and make it a valid instrument. The only way that she could have done so, was by the execution of a new mortgage in compliance with the statute, and this she could not

have done so as to effect intervening rights. No verbal statements that she could have made would have passed the legal title to the land to plaintiff or any one else, and this it was necessary for him to have in order to a recovery in this action.

Plaintiff having failed to show title to the land or that he was entitled to its possession was not entitled to recover. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.