HUFF v. LACLEDE LAND & IMPROVEMENT COMPANY, Appellant, et al.

Division One, June 12, 1900.

1. **Suit to Quiet Title:** POSSESSION. Under the statute of 1897, concerning suits to quiet title, it is not necessary that the plaintiff be in possession before he can bring the suit. A petition that alleges title in plaintiff, that the land is not in possession of anyone, that defendant claims some title adverse to plaintiff's, and praying that the court ascertain and determine the title of each, etc., states a cause of action.

2. ———: PLEADING. The requirement in such act that the suit in
its institution and progress conform to "the code of civil proced-
ure," does not mean that the rules of pleading in ordinary cases be
so closely observed as to defeat the main purpose of the statute, but
the general civil procedure adjusted to the peculiar action is to be
followed.

Appeal from Reynolds Circuit Court.—*Hon. J. F. Green,*
Judge.

AFFIRMED.

*Louis F. Dinning* for appellant.

My contention is that the petition does not state facts
sufficient to constitute a cause of action under section 650,
or any other section of the Revised Statutes. The pleader
has copied a part of said section, but if he had copied it all,
he would not have stated a cause of action, for section 651,
provides that, "The institution, prosecution, trial and deter-
mination of suits under this act shall conform in all respects
to the provisions of the code of civil procedure." Section
592, of the Revised Statutes, provides what a petition under
the code shall contain. The second subdivision of said sec-
tion provides that it shall contain "a plain and concise state-
ment of the facts constituting a cause of action without un-
necessary repetition." Bliss on Code Pleading (3 Ed.), sec.
151, says: "The cause of action is the wrong that has been
suffered, and the facts that show the wrong show the cause of
action; they are the facts to be found; and, upon principle,
they are the facts to be stated by the pleader." The pleader
alleges in his petition that he is the owner in fee simple of
the land therein described: "that said land is not in the actual
possession of any one, but the same is wild and uncultivated
timber land; that the defendants claim some title, estate or
interest in and to said premises, the nature and character of
which claim is unknown to plaintiff and can not be described

herein, except that said claim is adverse and prejudicial to this plaintiff." With a general denial to this petition, what issues would it raise?

*Wm. L. Beyersdorff* for respondent.

We could not more succinctly or completely state our cause of action. We could not add to the allegation as to plaintiff's title without pleading evidence—the allegation is that we own the fee—we are not compelled to state from whom we derived it or how. In this allegation we state all that could possibly be stated as to plaintiff's title without going into evidential facts; we state the facts and all the facts as to possession, so as to meet any criticism that the proceeding should be brought in ejectment, and as to defendant's title we simply state we do not know what it is except that it is adverse.

VALLIANT, J.—Suit to quiet title under the Act of March 15, 1897.

The petition, omitting caption, is:

"Plaintiff states and avers that the defendant, the Laclede Land and Improvement Company is a corporation, organized and existing under the laws of the State of Missouri. That defendant, Robert L. Lindsay, is the trustee in a deed of trust, in which deed of trust the other defendant, Bank of America of New York, is the beneficiary. Plaintiff for his cause of action against the defendants, states and avers, that he is the owner in fee simple and claims that title to the following real estate, lying, being and situate in the county of Reynolds, in the State of Missouri, to-wit: The southeast quarter of section thirty-four, in township thirty-two north, of range one west, containing one hundred and sixty acres, more or less. Plaintiff further states and avers that the real estate aforesaid is not in the possession of any person or per-

sons, whatsoever, but is wild and uncultivated timber land. That the defendants claim some title, estate or interest in and to said premises, the nature and character of which claim is unknown to plaintiff, and can not be described herein, except that said claim is adverse and prejudicial to this plaintiff. Wherefore, the premises considered, the plaintiff prays the court to try, ascertain and determine the estate, title and interest of the plaintiff and the defendants herein, respectively, in and to the real estate aforesaid, and to define and adjudge by its judgment or decree the title, estate and interest of the parties plaintiff and defendant herein, severally, in and to the aforementioned premises, according to the statute in such cases made and provided, and for the costs in this behalf expended."

The defendant Laclede Land and Improvement Company filed a demurrer to the petition assigning three grounds:

1st. The petition does not state facts sufficient to constitute a cause of action.

2d. The facts stated in said petition do not entitle the plaintiff to any relief whatever.

3d. The facts stated in said petition do not give this court jurisdiction to render any judgment in this case.

Plaintiff dismissed as to the other two defendants. The court overruled the demurrer, the defendant, the Laclede Land and Improvement Company declined to plead further, and there was a final judgment for the plaintiff adjudging that he was the owner of the land as stated in the petition and that he recover of defendant his costs, etc. From this judgment the defendant appeals, and assigns for error the overruling of its demurrer.

The history of our statute law on this subject, from its first enactment in 1855 through its various amendments to and including the Revision of 1889 and the decisions of this court construing it in its progress and development, is clearly

given in the opinion by BARCLAY, J., in Northcutt v. Eager, 132 Mo. 265.

In that case it was shown that under the law as it was at that date the suit to quiet title could be maintained only by one in possession and against one claiming a title hostile to the plaintiff's right of present possession. It was there sought to apply the statute to a defendant claiming a remainder after the plaintiff's life estate, but the court, though seeming to be impressed with the force of the argument, deemed it right to adhere to its former interpretation in Webb v. Donaldson (1875) 60 Mo. 394, especially since the General Assembly in view of that interpretation had since twice reenacted the statute in the same terms in the revisions of 1879 and 1889, and in that connection the court said: "If it is thought desirable to enlarge the remedial operation of the statute, so as to reach such facts as those of the pending suit, the legislative department of the government is the one to take the initiative in that direction." That decision was rendered in 1896 and apparently acting on that suggestion the General Assembly in 1897 enacted the statute under which this suit was brought; whereby it is provided that: "Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property." [Laws 1897, p. 74].

The object of the statute is to allow a person who claims any estate in the land either in possession or expectancy, without waiting to have his rights trespassed upon, to call

any one who claims an adverse interest into court to declare his claim, to the end that the court may then settle the title as between them.

.It is difficult to see how the plaintiff in this case could have shaped his petition in closer conformity to the terms and meaning of the statute than he has done. He states that he is the owner of the land in absolute fee simple, that it is wild land in the actual possession of no one, that defendant claims a title to it, the precise nature of which plaintiff does not know but does know that it is adverse to his, and prays in the words of the statute the court "to ascertain and determine the estate, title and interest . . . . . . . . . and to define and adjudge by its judgment or decree the title," etc. as between them. Counsel for appellant argue that because the second section of the act requires that the suit in its institution and progress conform to "the code of civil procedure" the petition should state such traversable facts as under code pleading in ordinary cases constitute a cause of action. The learned counsel does not suggest the character of facts that in a case of this kind should be stated, but quotes Bliss on Code Pleading (3 Ed.), sec. 151: "The cause of action is the wrong that has been suffered, and the facts that show the wrong show the cause of action; they are the facts to be found; and, upon principle, they are the facts to be stated by the pleader." That is a good definition of what the rules of pleading require in an ordinary case. But this statute authorizes a suit when no "wrong has been suffered," therefore no "facts to show the wrong." Or, if we must understand the statute as requiring that rule of pleading to be observed, then we must further interpret the statute as meaning that a wrong is done in claiming a title adverse to that of the plaintiff. But we are satisfied the lawmakers had no such idea in mind when they required the procedure to conform to the civil code. The former statute on this subject had prescribed what the petition should contain and a spe-

cial procedure for the case; the present statute creates the right to the peculiar action but instead of prescribing a special procedure, requires that the ordinary course in civil suits be followed, which does not mean that the rules of pleading in ordinary cases shall be so closely observed as to defeat the main purpose of the statute itself but that that general civil procedure adjusted to the peculiar action be followed.

The demurrer to the petition was properly overruled and the judgment is affirmed.

All concur.