Dorvan Potts, a Minor, by Lloyd W. Booher, Guardian and Curator of his Estate, Appellant, v. Goldie Rachel Patterson and Rachel Susan Potts.—No. 39830.—195 S. W. (2d) 454.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

*K. D. Cross* and *Boyd, Elliott & King* for appellant.

*J. W. Roberts, Harry Latham* and *J. V. Gaddy* for respondents.

HYDE, P. J.—This is an action in partition. Plaintiff claims an interest as a pretermitted heir of his grandfather William F. Potts. The trial court found that plaintiff had no interest, and he has appealed from the judgment entered for defendants.

William F. Potts and wife (defendant Rachel Susan Potts) executed a warranty deed to the land herein involved on October 15, 1941 to defendant Goldie Rachel Patterson "during her lifetime, then to her nearest blood heirs". This deed, together with a warranty deed for other land to her sister made on the same day, was placed in a sealed envelope and left with Benton Van Horn, cashier of the Home Bank of Savannah, who prepared both deeds. On this envelope was written: "The enclosed deeds from William F. Potts and Rachel S. Potts made to Goldie Rachel Patterson, and one to Uphema Ann Sommers, is to be held in escro at the Home Bank, Savannah, Missouri, until the makers have passed away, then to be delivered to Goldie Rachel Patterson, and Uphema Ann Sommers. October 15th, 1941."

Thereafter, on October 22, 1941, William F. Potts, then 81 years old, made his will, which was also prepared by Mr. Van Horn, being typewritten on a printed form. Paragraph second thereof contained the following: "To my beloved wife, Rachel Susan Potts, my property in Savannah, Missouri, during her lifetime, also all the rents from my farms, one is 120. Acres in Sec. 19. Twp. 60. of Range 36. and one of 100. acres in Sec. 15, Twp. 60. of Range 36, and both in Andrew County, Missouri, and all interest from any notes or bonds, or moneys received from any source, or nature whatsoever, and that she is to pay the taxes on the above properties each year, and at her death, I will my Son Albert Pottses wife (Callie) the sum of One ($1.00) dollar, to Doretta Potts, to Garland Potts, To Grover Potts, Albert Pottses step-son One ($1.00) dollar, to Arnie Withrow One Dollar, to my daughter Phema Ann Somers my farm of One Hundred (100.) acres in Sec. 15, Twp. 60, of Range 36, Andrew County, Mo., of which I left a deed to her which is held in escro at the Home Bank, Savannah, Mo., to be delivered to her upon the death of my wife, and to my daughter Goldie Rachel Patterson my farm of 120 acres in Sec. 19, Twp. 60 of Range 36, Andrew ▮▮▮ County, Missouri, of which I have left a deed to her which is held in escro in the Home Bank, Savannah, Mo., to be delivered to her upon the death of my wife. To my daughter Rosa Clayton Four thousand ($4000.) dollars, and at this

time she owes me a note of Three thousand ($3000.) dollars of which is to be deducted., and after the above has been carried out and if there is a balance left, then it is to be divided equally between my four children, Phema Ann Somers, Rosa Clayton, Goldie Rachel Patterson, and William H. Potts.'' Doretta Potts and Garland Potts were plaintiff's brother and sister; and plaintiff is the only one of his deceased father's children not named in his grandfather's will.

Mr. Van Horn wrote the notation on the envelope in the presence of Mr. Potts in accordance with his instructions. He said the sealed envelope, containing the deeds, was put away in a lock box belonging to the bank and remained there until the summer of 1943. (Mr. Potts had a lock box of his own at the bank in which he kept the will.) Five or six weeks before his death, Mr. Potts came to the bank and said that he wanted to take his papers home with him and look them over. Mr. Van Horn gave him the envelope and he also got the will from his own box. He never did come back to the bank again but took sick soon afterwards (on July 3, 1943) and died on August 12, 1943. The envelope had not been opened and was returned sealed to the bank by his widow. It was opened for the first time in court during the trial of this case. The will showed that Mr. Potts had scratched some things out of it with a pencil. These were in connection with the One dollar bequests. It was also shown that defendants, as executrices, had included this land, and the land conveyed by the other deed, in the inventory of the Potts' estate filed in Probate Court.

Plaintiff contends that, because grantor had the deed in his possession at the time of his death, he had not parted with all dominion and control over it so as to make a valid delivery. He also claims that defendants' evidence was insufficient to prove delivery. Plaintiff further contends that the recitations in the will are not evidence that Mr. Potts had parted with all dominion or control over the deeds. He argues instead that the will and the deed to Mrs. Patterson are contradictory, claiming that the will gave her the land in fee simple while the deed gives her only a life estate.

However, we think that Mr. Van Horn's testimony, together with all of the surrounding circumstances, amply supports the finding that Mr. Potts did deliver the deeds with unconditional instructions to hold them in escrow for the grantees until the death of both of the grantors and that he reserved no dominion or control over them. This is sufficient to satisfy the requirements of delivery and to convey to the grantee a present interest in the land under our decisions. [Blackiston v. Russell, 328 Mo. 1164, 44 S. W. (2d) 22 and cases cited. See also 52 A. L. R. 1222 note; 26 C. J. S. 247, Sec. 243; 16 Am. Jur. 516, Sec's. 142-147; Some Problems Involved in Conditional Deliveries of Deeds—McCleary—U. of Mo. Bulletin, 43 Law Series 5, l. c. 21.]

Not only were the instructions, written on the envelope in the presence of Mr. Potts, unconditional (as the term "escrow" implies) but they were recognized and confirmed without qualification in his will a week later. Moreover, the envelope containing the deeds was deposited in the bank's lock box to which Mr. Potts had no access instead of being kept in his own lock box in the bank as was his will. The authorities uniformly hold that when a grantor has unconditionally deposited a deed with a third person to be delivered to the grantee after the grantor's death, and has reserved no dominion or control over the deed, he cannot by subsequently changing his intention and withdrawing or destroying the deed, affect the delivery which was completed. [52 A. L. R. 1247 note, and cases therein cited.]

Furthermore, it is reasonable to find that Mr. Potts only wanted the deeds for information which he might need in making some changes in his will. The fact that he did not open the envelope indicates that he may have only wanted to see the directions written on it. Anyhow, there is no evidence that he intended to change, destroy or attempt to nullify the deeds. Nor do we agree with plaintiff's contention that the will left the land to Mrs. Patterson in fee simple. We do not think it shows an intention to devise the land to her. On the contrary, we think its reasonable construction is that it intended only to recognize and confirm the fact of a previous conveyance to her by the deed by acknowledging the escrow arrangement as a valid completed transaction. Likewise, the fact that the will gives the rents from the two farms to the wife of the testator, instead of giving her the land during her lifetime as was done in the case of his residence property in Savannah, is a further recognition of a different status of the title. We, therefore, hold that Mrs. Patterson's interest in the land was by the deed and not by the will; and that the trial court correctly found that plaintiff had no interest in it.

The judgment is affirmed. All concur.