CALVIN W. WHITE, Appellant, v. JOHN F. SIEVERS, and SOUTHEAST STATE BANK, a Corporation, Respondents, No. 41137—221 S. W. (2d) 118.

Division One, May 9, 1949.

Opinion Modified on Court's Own Motion and Motion to Transfer

to Banc Overruled, June 13, 1949.

*Arthur W. Edwards, Lewis F. Randolph, C. W. Prince* and *Wm. Dennis Bush* for appellant.

*W. F. Woodruff* and *Lucian Lane* for respondent Southeast State Bank.

148

DOUGLAS, J.—The question for decision is one of procedure, and arises under the new Civil Code. Does the new code permit a plaintiff to depart from his original petition and by an amended petition substitute a wholly different claim for the one originally pleaded? Under the old code such an amendment was held improper on the ground of departure, and was not permitted. But we now conclude that the rule against departure has no application under the new code, so this kind of amendment is not barred because of its character. It is subject only to the general rules governing the procedure for making amendments.

The question arises from these circumstances. Plaintiff filed an action for an accounting against the defendants, a bank and its president, alleging he had borrowed money from them at different times, and had deposited certain instruments with them as collateral. He listed the instruments which consisted of mortgage notes, a warranty deed conveying in blank, i. e. without any grantee named, an insurance policy, and shares of stock in a building corporation. He asserted the defendants had collected the proceeds from such collateral in amounts unknown to him. He claimed he has repaid all of his loans in full, and asked for the return of his collateral and for an acounting. Thereafter, depositions were taken at which books and records showing his accounts were ordered produced.

Defendant bank filed a general denial, and a counterclaim on a promissory note asking judgment for $7,712.50 for principal and interest. Plaintiff first filed a general denial in reply to the counterclaim.

Then plaintiff filed his second amended petition which starts the chain of events giving rise to the present dispute. In this petition plaintiff abandoned his original action for an accounting. In six separate counts he alleged the fraudulent conversion of each of his instruments given as collateral or the property represented thereby, and asked for six separate judgments for damages both actual and punitive.

Defendants filed a motion to dismiss this petition on the ground it substituted claims wholly new and different from the one originally alleged, and thus was bad because of such departure. The motion was sustained by the judge then sitting in the assignment division, and the petition was dismissed.

Thereafter, plaintiff refiled his six counts for damages through other pleadings. In his third amended petition he refiled his action for an accounting and joined with it the six counts for damages. A motion to dismiss the counts for damages was filed on the grounds they were the same as those previously pleaded in the second amended petition which had been dismissed by the previous assignment judge, and that they ▇▇▇ constituted a departure. The motion was sustained and the counts were dismissed. Plaintiff then refused to plead further by petition, and voluntarily dismissed his first count, the one for accounting, without prejudice. But this did not dispose of all the issues in the case because the bank's counterclaim was still pending.

Plaintiff then filed an amended reply to the counterclaim stating that the promissory note on which it was based was procured by fraud. He joined with his reply his own counterclaim against defendants in which he again set out his six counts for damages. His reply was dismissed, also on the ground of departure. His counterclaim was dismissed on the ground the six counts had been previously dismissed when filed as an amended petition. He declined to plead further, and judgment on the pleadings was entered against plaintiff and for the bank for $8,248.75. Defendant Sievers seems not to be resisting this appeal, only the bank appears here as an active respondent.

▇▇ The rule against departure through amended pleadings has been consistently enforced in this state under the old code. Even though we liberally construed our old code in permitting amendments, still we held it did not go so far as to permit a plaintiff to substitute an entirely different cause of action in his amended petition for that originally stated in his first petition. Or, as Judge Lamm put it, "grafting a separate and independent suit on the stem of the original proceeding" would not be permitted. As evidence of our then stricter view of pleading, we held that an amendment presupposes a change in something existing, not a substitution of something else for that which has been stated. To inject by an amendment a dif-

ferent cause of action for the one stated in the original petition was not permitted, because, we said, that would be a departure.

One of the purposes of the rule against departure was to protect a defendant from having to prepare a new defense in the same action against a charge inconsistent with the original one. If the amended petition required different evidence to support it, or the application of a different measure of damages then it constituted a departure. It was urged such rule narrowed the issues, and tended to prevent confusion and uncertainty. Later on we grew more liberal. We held that where an amended petition merely added another cause of action arising out of the same transaction or belonging to the same class of action which could be properly joined under the statute, it was all right. We said, "the plaintiff cannot be allowed (by amendment) to introduce an entirely new cause of action, but may by amendment introduce such additional causes of action as under the provision of the statute could be united in the same petition." Galloway v. Galloway (Mo.) 169 S. W. (2d) 883.

Thus the rule against departure was intended to confine a case first to a single cause of action, then later to consistent actions which were authorized to be joined in the same petition under the old code.

But this rule is not now consistent with the new code. The new code adopts the very opposite view. It is intended to permit, and under certain conditions to require, the joining of all claims existing between the parties in one action. There may be an unlimited joinder of claims between the same parties. Sec. 37, Laws 1943, 353; Mo. RSA, 847.37; Carr, § 166. The old statutory restriction of Section 917, R. S. 1939 limiting the joinder of causes of action to particular classes of actions has been repealed. Now independent claims may be joined in a petition or in a counterclaim. "They need not arise out of the same transaction or occurrence, or series thereof, and a common question of law or fact need not exist. They may include both contract and tort claims; may be legal or equitable, and may be joined as independent or as alternate claims." Fawkes v. Fawkes (Mo. App.) 204 S. W. (2d) 132. It follows that the rule against departure can no longer stand since a party may now state as many separate independent claims as he has regardless of consistency.

We expressly hold that the rule against departure is no longer to be enforced. It has been abrogated by the new code. Any statements contained in Campbell v. Webb, 356 Mo. 466, 202 S. W. (2d) 35, relied on by defendants, which they understand to indicate [122] an opposite conclusion, are not decisive of the question because that case did not consider the abrogation of the rule.

We now consider the question of plaintiff's right to file the various amended pleadings under the new code. Amendments are now unlimited in scope. Carr, §214. Therefore, we are concerned only with the justice of authorizing the filing of the various amend-

ments and whether defendants were prejudiced by them. Amendments are subject to the statutes of limitations but no such point has been raised in this case.

The new Civil Code permits a party to amend his pleading as a matter of course at any time before a responsive pleading is filed and served. Sec. 81; § 847.81 Mo. RSA; Carr, § 214. After that time a party may amend his pleading only with leave of court or by written consent of the adverse party. We have no written consent of the adverse party in this case. But the new code provides that "leave shall be freely granted when justice so requires." In the absence of prejudice to other parties or harmful consequences of delay, courts should be extremely liberal in permitting amendments. "Under the new code a trial court may permit a plaintiff to file any number of amended petitions if in the opinion of the court justice so requires." Jones v. Williams, 357 Mo. 531, 209 S. W. (2d) 907. And see Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25.

In defendants' motion to dismiss the second amended petition it is alleged no leave had been first obtained, even though the record shows plaintiff had been granted leave. As to the third amended petition we find at the time the court sustained defendants' motion to dismiss the second amended petition it granted plaintiff, in the same order of dismissal, thirty days time in which to plead. This amounted to leave to file the next amended petition, and under the circumstances here it was not necessary for plaintiff to obtain any additional leave before filing it. Accordingly we hold such amended petitions were filed with leave. The record also shows plaintiff's amended reply to the bank's counterclaim was filed with leave.

We do not find that defendants have set out how they were prejudiced or harmed by the delay in filing any of the amended pleadings except the allegation "that extensive depositions have been taken and very substantial costs have been incurred in this case on the basis of the pleadings theretofore filed." Even though such be the case that would not ordinarily be a sufficient ground for the court unconditionally to refuse leave to file an amended pleading if in its discretion the court found justice would be better served by permitting the amendment. If allowing an amendment would unjustly penalize a party because of court costs already incurred under prior pleadings, the court in its discretion may grant leave to amend upon payment of such costs or upon terms as its deems just. An application for leave to file an amended pleading may be viewed as a motion under Section 60 of the new Civil Code which says "an application to the court for an order shall be by motion." And Section 1407, R. S. 1939, Mo. RSA provides that the court has discretion to give or refuse costs on all motions. And where the court grants leave to amend on its own motion, as it did in this case, it may impose

such terms as are justified because of the amendment when the amendment is filed.

The court's exercise of discretion in permitting plaintiff to file his various amended pleadings in this case was consistent with the requirements of the new code, and was proper. Whether amendments which may be offered after this case is remanded should be permitted only upon terms will be also a matter for the court's discretion.

Finally, respondent argues that the orders dismissing plaintiff's petitions were judgments from which plaintiff could have appealed; and since he failed to take a timely appeal they have become final and res judicata. We held in Jones v. Williams, 357 Mo. 531, 209 S. W. (2d) 907, supra, that an order dismissing a petition may be a dismissal of the action, and therefore a final judgment from which a party has the right to appeal, and have the question of the sufficiency of his pleading determined by an appellate court. We based our ruling on the provision of the new code that ▮▮▮ a dismissal of an action with prejudice operates as an adjudication of the merits. The code defines a dismissal with prejudice, in part: "... and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Sec. 101; §847.101 Mo. RSA; Carr, 800. In that case we pointed out that demurrers had been abolished, and under the new code the sufficiency of a petition is now raised by a motion to dismiss. We held an order dismissing a petition because no cause of action was stated may be a dismissal of the plaintiff's action with prejudice, as distinguished from a dismissal merely of the pleading. *Unless the trial court shall otherwise specify,* an order dismissing a petition is held to be a dismissal of the plaintiff's action rather than a dismissal of the pleading only. When the court dismisses plaintiff's action, the order of dismissal is ordinarily a final, appealable judgment.

However, there is no fixed or formal phrase which must be used to specify that the dismissal of a petition is not intended as a dismissal of the plaintiff's action. If the order shows in any way that the court did not intend the dismissal of the petition then and there to put an end to the plaintiff's action, it amounts to a dismissal of the petition only and not of the action.

As we have already stated, the order in this case dismissing plaintiff's second amended petition contained this provision: "Now plaintiff is by the court given thirty days in which to plead herein." And the order dismissing the six counts for damages in plaintiff's third amended petition also stated: "Plaintiff is given 10 days in which to file an amended petition herein." It is clearly evident that the court did not intend either order to be a dismissal of the action, but intended that only the pleadings or parts of them be dismissed. In granting time to file further amended petitions in the still pending

action the trial court sufficiently "specified" that the orders of dismissal were intended to affect the pleadings only, and not the action itself. In fact, including permission to file an amended petition in the order of dismissal has been urged as a simple device to show the court intends to dismiss the pleading only and not the action.

To repeat, it is only when the court sustains a motion to dismiss a petition without stating anything in the order of dismissal to indicate the action is to continue, that the action itself is dismissed.

Since in this case the court did indicate in the orders of dismissal that the plaintiff's action was to continue by including permission to file amended petitions, the orders of dismissal affected merely the offending pleadings and did not dismiss the action. Accordingly, such orders are not final judgments. Therefore, the rule of res judicata cannot apply. See Restatement of Judgments, § 41.

After the court dismissed the six counts of the third amended petition plaintiff voluntarily dismissed the remaining count, and refused to plead further by petition. Thus the entire petition stood dismissed. But the order of dismissal was not appealable because the bank's counterclaim still remained undisposed of. A judgment must ordinarily dispose of all parties and all issues in the case to be a final judgment for the purposes of appeal. Magee v. Mercantile-Commerce B. & T. Co., 339 Mo. 559, 98 S. W. (2d) 614. A case apposite on the facts is Severs v. Williamson (Mo. App.) 198 S. W. (2d) 368. Furthermore, plaintiff was attempting to continue on the identical theory of the dismissed petition by repeating it in his amended reply.

In view of the conclusions we have reached it is unnecessary to consider other points raised here by respondent.

Since departure is no longer a bar to amending pleadings, plaintiff in this case should be permitted if he wishes to plead either by petition or reply his six counts in damages, and to file his amended reply to the bank's answer and counterclaim.

Accordingly, the judgment is reversed and the cause is remanded. The trial court is directed to reinstate the case against both defendants, and to permit the parties to file such amended pleadings setting up all such claims and defenses as are now permitted by the new code, and to make all such amendments as may be just under the circumstances, and upon such terms as the court deems proper.

*Reversed and remanded with directions.* All concur.