Jerry A. BAILEY, Appellant,

v.

Albert WILLIAMS et al., Respondents.

No. 47283.

Supreme Court of Missouri,

Division No. 1.

July 13, 1959.

Ewing & Beavers, J. Dorr Ewing, Joe Beavers and Gene Thompson, Maryville, for appellant.

Raymond Eckles, M. E. Ford and Ellis G. Cook, Maryville, for respondents.

DALTON, Judge.

This is an appeal from an order and judgment of the Circuit Court of Nodaway County sustaining defendants' motion to dismiss plaintiff's second amended petition, dismissing the suit, discharging the defendants "without day" and taxing the costs against the plaintiff. Plaintiff has appealed.

Plaintiff's second amended petition contained two counts, the first will be referred to as a count in ejectment and the second as a count to quiet and determine title, both with respect to the same specifically described real estate in Nodaway County.

In order to better illustrate the position taken by respondents on this appeal we shall briefly review matters set forth in the transcript, whether such matters are properly a part of the record on this appeal or not.

On August 16, 1956, plaintiff Jerry A. Bailey instituted an action in the Circuit Court of Nodaway County against Adam Williams, Albert Williams, Luther Williams and Mary Jane Hartness to quiet and determine title to the described real estate. In the petition it was alleged that plaintiff was the owner of the described real estate, "subject only to the life estate of the defendant, Adam Williams." The petition contained allegations to the effect that the defendants "have or claim an interest in the above described real estate, the exact nature of which claims and rights by said defendants being to the plaintiff unknown"; and that "the claims of the defendants and each of them are adverse to the rights of the plaintiff and constitute a cloud on the title of the plaintiff of, in and to the above described real estate." Other allegations were that defendants Adam Williams and Jennie Williams, husband and wife, had owned the real estate as tenants by entirety; and that on or about ——— day of

April, 1956, they did "make, execute and deliver their warranty deed, by terms of which they conveyed, subject to their respective life estates, all of the above described real estate to the plaintiff; and that said deed was on the date thereof placed in escrow in the Nodaway Valley Bank, Maryville, Missouri, with written directions that said bank hold the same during the life of the said Adam Williams and Jennie Williams and upon the death of the last survivor of them, deliver same to the plaintiff."

It was further alleged that, thereafter, the said Jennie Williams died, leaving Adam Williams surviving; and "that there now appears of record a certain deed, dated August 7, 1956, by the terms of which Adam Williams purported to convey to the defendants Albert Williams, Luther Williams and Mary Jane Hartness, subject to a reservation of a life estate in Adam Williams, which deed was filed for record on the 7th day of August, 1956."

Plaintiff asked the court to try, ascertain, adjudge and decree the title and interest of the respective parties, plaintiff and defendants in and to the described real estate. Affirmative equitable relief was also requested, to wit, that the court cancel and annul the conveyance of the described real estate by said Adam Williams to the defendants Albert Williams, Luther Williams and Mary Jane Hartness, dated August 7, 1956, and to adjudge and decree that said defendants have no right, title, interest or estate in and to the above described real estate.

Defendants moved to dismiss the petition on the ground that the petition failed to state a claim upon which relief could be granted against any of the defendants. The motion was overruled and defendants given twenty days in which to plead. An answer was, thereafter, timely filed by the defendants, wherein they admitted certain allegations of the petition, to wit, that defendants Adam Williams and Jennie Williams, his wife, had owned the described real estate as tenants by the entirety until the death of Jennie Williams and that Adam Williams did convey the said real estate to defendants Albert Williams, Luther Williams and Mary Jane Hartness, subject to a reservation of a life estate in the said Adam Williams. Other allegations of the petition were denied.

Thereafter, on October 30, 1957, plaintiff filed a first amended petition in a single count purporting to state a cause of action in ejectment against defendants Albert Williams, Luther Williams and Mary Jane Hartness. Adam Williams was not mentioned therein. The petition described the same real estate, alleged that plaintiff was the owner and entitled to possession on October 19, 1957, alleged the amount of damages for wrongfully withholding possession after demand for possession in the sum of $500 and further alleged the rental value of the real estate to be $2,000 per year. Plaintiff prayed judgment for recovery of possession of the described land and damages for withholding possession and for rents and profits.

By an order timely entered, defendants were given time to plead and, thereafter, filed a motion to dismiss plaintiff's first amended petition. On March 18, 1958, defendants' motion to dismiss was sustained and plaintiff given thirty days to plead. On April 16, 1958, by leave of court, plaintiff filed his second amended petition in two counts, as stated, the first count purporting to be a count in ejectment and the second a count to quiet and determine title. Defendants timely filed a motion to dismiss plaintiff's second amended petition. The motion to dismiss assigned some eight grounds for the dismissal of "plaintiff's suit." The order and judgment of the circuit court (sustaining the motion to dismiss and entering judgment of dismissal) sustained all of "the reasons set forth in said motion to dismiss" and further specified three particular grounds.

In the hearing before the court on this motion to dismiss, the defendants did

not offer in evidence plaintiff's original petition or plaintiff's first amended petition, hence neither of these abandoned pleadings are a part of the record in the case, nor properly before the court on this appeal. Lightfoot v. Jennings, 363 Mo. 878, 254 S. W.2d 596, 597(3); Weir v. Brune, Mo. Sup., 256 S.W.2d 810, 811; Fulton v. City of Lockwood, Mo.Sup., 269 S.W.2d 1, 5.

Did the court err in sustaining defendants' motion to dismiss plaintiff's second amended petition and dismissing plaintiff's suit? From the abstract statements of law set out under points and authorities in appellant's brief, it is apparent that counsel has not recently read 42 V.A.M.S. Supreme Court Rule 1.08(a) (3) and (d), as amended December 15, 1955, nevertheless, we conclude that appellant intended to contend that the trial court erred in sustaining defendants' motion to dismiss plaintiff's second amended petition and in dismissing the plaintiff's suit. Appellant says that a cause of action in ejectment was stated in the first count of the second amended petition; and that a cause of action to quiet and determine title was stated in the second count.

■ As stated, the first count purports to state a cause of action in ejectment for the described real estate and it is almost identical in form to the first amended petition, except that no date in October, 1957 is alleged as the date when plaintiff became the owner and entitled to the possession of the described real estate. The count states a cause of action in ejectment in proper and approved form against the named defendants. See Sections 524.060 and 524.080 RSMo 1949, V.A.M.S.; Flournoy v. Sprague, Mo.Sup., 214 S.W. 183, 184; Fitzpatrick v. Garver, 253 Mo. 189, 161 S.W. 714.

■ In its order dismissing the second amended petition the trial court (referring to the first count) assigned, as one of the grounds for dismissal, the fact that said "petition" alleged that the plaintiff was the owner and entitled to the possession of the land in controversy on the ——— day of October, 1957. The court said: "As this suit was instituted on the 16th day of August, 1956, the said second amended petition states no cause of action on which plaintiff can recover."

No doubt the trial court relied upon the rule as stated in Jegglin v. Orr, 224 Mo. App. 773, 29 S.W.2d 721, 724, as follows: "The general rule is that a suit is prematurely brought if the petition is filed before the cause of action has accrued, and such a suit may not be maintained, even though the cause of action has accrued at the time of the trial. As a consequence it has been held that an amended petition may not set up any cause of action which had not accrued when the original petition was filed." (Citing cases.) And see Lennox v. Vandalia Coal Co., 158 Mo. 473, 493–495, 59 S.W. 242; Barber Asphalt Paving Co. v. Ridge, 169 Mo. 376, 68 S. W. 1043, 1045; Herbig v. Herbig, Mo.App., 245 S.W.2d 455, 456(3, 4); Wocet v. Seacat, Mo.App., 212 S.W.2d 449, 453; Huffman v. Meriwether, Mo.App., 201 S.W.2d 469, 473(2); Lindsay v. Evans, Mo.App., 174 S.W.2d 390, 395(1, 2). And see Berssenbrugge v. Luce Mfg. Co., D.C., 30 F. Supp. 101; and Eveland v. Detroit Machine Tool Co., D.C., 18 F.2d 968, 969.

Respondents also insist that "the second amended petition fails to state a cause of action that existed at the time of the commencement of the suit," to wit, on August 16, 1956; that "the record shows that the alleged cause of action on which plaintiff now seeks to recover accrued after the commencement of the suit"; and that recovery can only be had on a cause of action existing at the time the action was first instituted. Respondents also cite Weinwick v. Bender, 33 Mo. 80; Heard v. Ritchey, 112 Mo. 516, 20 S.W. 799; Finley v. Babb, 144 Mo. 403, 46 S.W. 165; and Payne v. School District, 87 Mo.App. 415, 419.

■ The rule upon which the trial court and counsel for respondents rely was based

upon the well-established rule against departure, which rule has now been abrogated by the new code. Section 509.060 RSMo 1949, V.A.M.S. provides that "the plaintiff in his petition * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party * * *." Section 509.490 RSMo 1949, V.A.M.S., with reference to the amendment of pleadings, contains no provision prohibiting the adding of additional counts for causes of action accruing since the filing of the original action and the statutes do not require that the causes of action stated in any additional counts added by amendment must have been in existence on the date of the filing of the original petition. And see, also, Section 509.510 RSMo 1949, V.A.M.S. relative to supplemental pleadings with reference to the original cause of action. As stated, the rule against departure, to wit, that a plaintiff cannot so amend his petition as to substitute a wholly different claim for the one originally pleaded, has been abolished. "Amendments are now unlimited in scope." White v. Sievers, 359 Mo. 145, 221 S.W. 2d 118, 122; Sympson v. Rogers, Mo.Sup., 314 S.W.2d 717, 722(7); Kansas City Trust Co. v. Mayflower Sales Co., 365 Mo. 959, 291 S.W.2d 51, 54(1); and Carr, Missouri Civil Procedure, Vol. 1, page 549, Sec. 214. A plaintiff may substitute a totally new cause for the one originally pleaded and he may add new causes of actions accruing since the date of the filing of the original petition. We hold that the count in ejectment was properly added, even though the right of possession accrued upon the termination of the life estate and after the institution of the original action to quiet title.

■ Respondents further contend that the court's order dismissing plaintiff's first amended petition was "a final judgment from which an appeal lies"; that, if plaintiff was dissatisfied with the court's ruling, he should have appealed at that time; and that he could not, thereafter, simply pick up his original petition and his first amended petition (the two abandoned petitions) and revive them by filing them as a second amended petition. Respondents' theory is that the order sustaining the motion to dismiss the first amended petition was a final judgment from which an appeal could have been taken and, since no appeal was taken, the judgment was final and the trial court was without jurisdiction to proceed further, hence this appeal should be dismissed. The original petition and the first amended petition not having been offered in evidence on the hearing of the motion to dismiss plaintiff's second amended petition are not before us for consideration, however, no final judgment was entered in the case when the order sustaining the motion to dismiss plaintiff's first amended petition was entered of record, because the record shows that plaintiff was given thirty days to file a second amended petition.

In support of the contention that the action of the court in sustaining the motion to dismiss plaintiff's first amended petition was a final judgment from which an appeal could and should have been taken, the respondents cite Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 911(11). That case does not support respondents' contention. In that case the court said: "An order of a trial court sustaining a motion to dismiss on the ground that no cause of action is stated is an adjudication upon the merits as well as a dismissal with prejudice. This is true *unless the trial court shall otherwise specify.*" (Italics ours.) When the trial court granted plaintiff thirty days to file a second amended petition, the court by doing so in effect expressly specified by its order against any final judgment or dismissal with prejudice. Plaintiff complied with the court's order and, by leave of court, filed the second amended petition. It therefore appears from the record presented on this appeal that no final appealable judgment had been entered in the case prior to the filing of the second amended petition. White v. Sievers, supra, 221 S.W.2d 118, 123(14); Sympson v. Rogers, supra, 314 S.W.2d 717, 722. The only final judgment shown by the record

in this case is the final judgment from which the present appeal was taken.

As stated, the second count of the second amended petition purports to state a cause of action in equity to quiet and determine title in favor of plaintiff and against the defendants named therein. It rather closely follows the allegations of the original petition, except that plaintiff alleged that he was the owner of the real estate described. The allegation contained in the original petition that plaintiff's ownership was subject to the life estate of Adam Williams was omitted and an allegation added that Adam Williams was dead. Adam Williams was not named as a defendant in this petition and no relief was asked against him or his estate.

In sustaining the motion to dismiss plaintiff's second amended petition the trial court held (apparently with reference to the second count): (1) that said petition "fails to state a cause of action upon which relief can be granted for the reason that said suit has not been revived as to Adam Williams, a party in the original petition and whose subsequent death is alleged"; (2) that said petition "fails to plead that plaintiff was the owner of the land in controversy at the time of the institution of this suit or to state any fact or facts showing that he was the owner thereof at that time"; and (3) that said petition fails to state a claim for the reasons set forth in defendants' motion to dismiss, which motion alleged (a) that said petition fails to state a cause of action because it fails to state "that the deed has been delivered and the date of such delivery, if the same has been delivered"; and (b) because the judgment of dismissal of plaintiff's first amended petition was a final judgment and the court was without jurisdiction to permit a further amendment of the petition. The points numbered (2) and (3) (b), supra, and now relied upon by respondents have been sufficiently disposed of by our rulings on similar contentions as to count one.

The second count states a cause of action against the named defendants to quiet and determine title to the described real estate. Section 527.150 RSMo 1949, V.A.M.S.; Klorner v. Nunn, Mo.Sup., 318 S.W.2d 241, 245(3, 4); Evans v. Brussel, Mo.Sup., 300 S.W.2d 442, 444(3). The statute (Section 527.150 supra) is to be liberally construed. White v. Kentling, 345 Mo. 526, 134 S.W.2d 39, 44(10–15); Meyer v. Wise, Mo.Sup., 133 S.W.2d 321, 323; Rains v. Moulder, 338 Mo. 275, 90 S.W.2d 81, 84. Under Section 527.150 RSMo 1949, V.A.M.S., a plaintiff is entitled to have the court determine whether he or the defendant has the best title to the land described in the petition, as between themselves, although the real title may be held by a stranger to the record. Barr v. Stone, Mo.Sup., 242 S.W. 661, 664(6); Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 932, 934(3, 4). It also appears that in cases filed under the mentioned statute that a party has the right to rely on a title acquired even after the commencement of the suit. Barr v. Stone, supra, 242 S.W. 661; Lortz v. Rose, 346 Mo. 1212, 145 S.W. 2d 385, 387. It was unnecessary to revive the action against Adam Williams. The procedure relied upon only applies where a party dies "and the claim is not extinguished thereby." See Section 507.100 RSMo 1949, V.A.M.S. In the second count of the second amended petition defendant Adam Williams had been voluntarily dropped by plaintiff as a party defendant. See Section 507.050(1) RSMo 1949, V.A. M.S. Further, the second count of the petition now alleged that Adam Williams was dead, in fact that both life tenants were dead, and we draw the conclusion from the facts stated in the petition that the said Adam Williams had no further interest in the described real estate.

The fact that the original petition may have alleged that plaintiff's ownership was subject to the life estate of Adam Williams did not bar plaintiff from maintaining a present action under Section 527.150, supra, or amending his petition,

subsequently, after the death of the alleged life tenant, to allege ownership free from the mentioned life estate. Section 527.150, supra, provides that "Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action * *." Plaintiff having alleged ownership was not required to allege the detailed facts and circumstances as to how, when and where he obtained the title alleged. Huff v. Laclede Land & Improvement Co., 157 Mo. 65, 57 S.W. 715, 716. Plaintiff did not limit his claim of ownership to any particular title conveyed by the deed of Adam Williams and Jennie Williams to plaintiff and delivered to the Nodaway Valley Bank on March 28, 1956, for delivery to plaintiff upon the death of the last survivor of the grantors, although the purpose of the allegation is not entirely clear. The allegation with reference to this deed may have been directed to the setting forth of facts to show the weakness of defendants' claim under a deed from Williams dated and recorded subsequently to the date of the delivery of the Williams' deed to the bank for plaintiff, to wit, on the theory that the grantors having executed and delivered one deed to the premises could not pass title to defendants by a deed subsequently executed and delivered. If the allegation was intended to set forth plaintiff's claim to title, then it appears that plaintiff probably relied upon the general rule which seems to be that the execution of an unconditional deed and its unconditional deposit with a third party to be held by him and delivered to the grantee after the grantor's death, without the retention by the grantor of any control over the instrument, constitutes a valid delivery of the deed and gives such an investiture of title as will give the grantee a present interest and a fixed right of future enjoyment, though the use of the premises is retained by the grantor during his life. See Meredith v. Meredith, 287 Mo. 250, 229 S.W. 179, 181(5); Haer v. Christmas, Mo.Sup., 312 S.W.2d 66, 69;

Potts v. Patterson, 355 Mo. 154, 195 S.W. 2d 454, 456(1–3); Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 912(5, 6); Blackiston v. Russell, 328 Mo. 1164, 44 S.W.2d 22, 26. The acceptance by the grantee of a deed which has been executed for his benefit is presumed in the absence of evidence showing rejection. Clark v. Skinner, 334 Mo. 1190, 70 S.W.2d 1094, 1099(12–14).

 In any event, if we give the second count of the second amended petition a liberal construction, as we must, a cause of action in equity to quiet and determine the title is stated.

It is unnecessary to consider other points briefed by appellant, since respondents solely rely upon matters hereinbefore considered and ruled adversely to their contention.

The judgment is reversed and the cause remanded with directions to overrule the motion to dismiss the several counts of plaintiff's second amended petition.

All concur.